## WEISENBERG VS. THE CITY OF APPLETON.

*Liability of city for defective sidewalk. Contributory negligence. Prospective damages, when and how recoverable. Pleading. Instructions to jury. New trial for excessive damages.*

1. A city *held* liable for injuries resulting from defects in a plank sidewalk, where the authorities knew that the walk was very old and the stringers badly decayed, though not aware that the particular planks which caused the injury were loose.

2. The fact that plaintiff at the moment of striking her foot against a displaced plank, had allowed her attention to be attracted from the sidewalk to a horse running away upon the street, *held*, no evidence of contributory negligence such as required the question to be submitted to a jury.

3. A person injured by a defective highway can bring but one action for the damages, and, where the injury is permanent, may recover *prospective* as well as past damages.

4. If the complaint in such a case states the actual nature and extent of the injury, and the amount of the damages, it need not state that a part of them will accrue in the future, to entitle the plaintiff to recover that part.

5. A charge correct so far as it goes, is not erroneous for failing to give some specific instruction which would also have been correct, but was not asked for.

6. Thus, where the jury were charged that plaintiff could recover the damages *caused by the injury*, defendant, not having requested an instruction negativing more expressly any right of recovery for damages caused by plaintiff's subsequent imprudence, cannot complain of its omission.

7. A new trial will not be granted merely because the damages found are large, there being no indication of passion, prejudice, partiality or mistake on the part of the jury.

APPEAL from the Circuit Court for Outagamie County.

Action to recover for personal injuries caused by a defective sidewalk. All the material facts appear in the opinion. Verdict for the plaintiff, assessing her damages at $1,300.

A motion for a new trial was denied, and defendant appealed from a judgment on the verdict.

*Humphrey & Pierce* and *W. S. Warner*, for appellants, contended that the defendant was not liable, as the authorities were not chargeable with knowledge of the

defect in the sidewalk which occasioned the injury (*McGinity v. Mayor, etc.*, 5 Duer, 674; *Griffin v Mayor, etc.*, 9 N. Y. 456; *Cuthbert v. City of Appleton*, 22 Wis. 642); that the plaintiff, by a reasonable amount of care, could have avoided the injury, and it was her duty to have done so, and hence she could not recover (*Steever v. Railroad*, 18 N. Y. 422; *Button v. Railroad*, id. 248; *Milwaukee & Chicago R. R v. Hunter*, 11 Wis. 160; *Vedder v. Hildreth*, 2 id. 427); and that the damages were excessive, and a new trial should have been granted. *Goodnough v. City of Oshkosh*, 24 Wis 549; *Hayward v. Ormsbee*, 7 id. 111; *Van Valkenburg v. Haskins*, 7 id. 496.

*Hudd & Wigman*, for the respondent, to the point that the damages were not excessive so as to justify interference with the verdict, cited *Knight v. R. R. Co.*, Am. Law Reg., Nov. 1869; *Britton v. Railway Co.*, 3 Hurl. & Nor. 963; *Danville, etc. R. R. Co. v. Stewart*, 2 Met. (Ky.) 19; *Curtiss v. R. R. Co.*, 20 Barb. 282; and *Potter v. N. W. Railway Co.*, 22 Wis. 615.

PAINE, J. This was an action against the city to recover damages for an injury occasioned by an alleged defect in a sidewalk. A reversal is urged principally upon the ground of insufficient proof of knowledge of the defect on the part of the city authorities. And it is claimed that the case is, in that respect, like that of *Goodnough v. Oshkosh*, 24 Wis. 549. But they are materially different. In that case the plank had become loosened at the place where the accident occurred, by driving wagons across the walk upon an adjoining lot. It having been replaced, and the general condition of the walk being good, there was nothing to call the attention of the authorities, or of any passer-by to the defect, unless some one happened to so step on the loose boards as to move them from their place. But here the whole sidewalk was in an unsound and dangerous condition, which was well

known to the street commissioner himself, for his own testimony discloses it. He said: " It was a very old sidewalk, and it might get loose ;" he knew " it did occasionally, and put several nails in it as he was passing to the bridge." The utmost that he could say in its favor was, that he did not see any broken plank nor " notice anything very much out of repair ;" " that it was repaired in a tolerably passable condition for that old sidewalk ;" and he repeated again that " it was a very old sidewalk," and that " the plank in most old sidewalks get a little loose," etc. ; and the counsel for the city called out from him, at the very close of his testimony, that the walk was in such a condition that the nails holding the plank would be drawn out by a person's stepping on the end of the plank, by reason of the stringer being so rotten.

Certainly a more dangerous condition for a sidewalk could not well be imagined. A broken plank, or one entirely absent, is a defect of such a character as ordinarily attracts the attention of the passer, so that he guards against it. But a walk which presents a delusive appearance of general soundness, but at the same time has loose plank, is like a trap set for travelers. Where several are walking together, without any warning, one finds himself suddenly stumbling against a plank which another has raised before him by stepping on the end projecting beyond the stringer. There are few who have had much experience in traveling on the " very old sidewalks " of negligent cities, who have not been tripped, or seen others tripped in that way, though, as a general rule, the parties are fortunate enough to get off without any very serious injury. But the results in this case, in the Goodnough case, and in others in the reports of other states for injuries happening in precisely the same manner, show that the liability to serious injury from such a walk is always imminent. And a city whose officers know that the general condition of a

walk is such that, from mere decay, such an accident is liable to happen upon it at any moment, is chargeable with negligence if it neglects to repair, without bringing home to the authorities actual knowledge of the looseness of the particular plank which happened to occasion the injury.

The evidence of the defect of the sidewalk, and of the knowledge of it by the proper officers, was ample from the defendant's witnesses, without referring to those of the plaintiff, to justify the court in overruling the motion for a new trial, so far as these points were concerned.

Nor was there any evidence of negligence, or want of ordinary care, on the part of the plaintiff, to justify either the motion for a nonsuit, the motion for a new trial, or the instructions in which the court was asked to submit the question of the plaintiff's negligence to the jury. The evidence of the plaintiff, as to the manner in which the injury occurred, showed, affirmatively, that she was in the exercise of ordinary care when the accident happened. She was going along the walk as any person would, and the only thing relied on, upon which to base any claim of negligence, was that she allowed her attention to be attracted for a moment to a horse that was running away down the street. This was entirely natural, and what every one would have done. And no question of negligence ought to be submitted to a jury upon such a circumstance as that.

This view of the evidence upon these two questions of fact, disposes of most of the objections raised by the appellant.

The defendant excepted to the instruction as to the rule of damages. That involved several propositions, a portion of which are not disputed. It told the jury that the plaintiff, if entitled to recover at all, could recover expenses for medical attendance and all loss resulting from the injury up to the time of the trial.

It then told them, that if the injury was permanent, she might also recover such damages as it was proved would result in the future, not exceeding the amount claimed in the complaint. The appellant now objects to that part of the instruction relating to the allowance of future damages. But, to raise that question, exception should have been directed specifically to that portion of the instruction, and not to the whole of it. But it is well settled, that a party so injured can bring but one action for the damages, and that where the injury is permanent, he can recover prospective as well as past damages. And when he alleges the actual nature and extent of the injury, and the amount of the damages, as was done here, it is not necessary to state that a part of those damages will accrue in the future, in order to entitle the party to recover them.

So the appellant claims that there was evidence tending to show that the plaintiff aggravated the injury by her own imprudence and neglect of the directions of the physician, after it occurred, and that the general instruction about damages was erroneous in not alluding to the question raised by this evidence.

But the court properly told the jury that the plaintiff could recover the damages caused by the injury. That would impliedly exclude those caused merely by her own negligence and imprudence after the injury. And if the defendant desired a more specific instruction to that effect, he should have drawn one and asked the court to give it. The charge being correct in itself, so far as it went, cannot be held erroneous by reason of omitting to instruct upon a particular point, which might properly enough have been the subject of an instruction, but in relation to which none was asked.

The damages, though large, were not such as to justify the court in ordering a new trial upon that ground. The plaintiff was an active, energetic busi-

ness woman ; was in the habit of working in the field, and could earn fourteen shillings and sometimes two dollars per day ; and the injury had seriously interfered with her capacity to perform that kind of labor. It was for the jury to determine, and there is nothing indicating any passion, prejudice, partiality or mistake on their part.

*By the Court.*—The judgment is affirmed.