## James A. Hearn
### v.
## City of Chicago.

1. Negligence—Defective sidewalk.—An action on the case brought by plaintiff against the city to recover damages for a personal injury caused, as alleged, by the defective cover of a coal-hole on a sidewalk giving way and precipitating him into the cellar below. Plaintiff offered in evidence an ordinance of the city prescribing as to the structure and material

of coal-holes, and making them subject to the direction and supervision of the commissioner of public works or such other person as the city council might designate. *Held*, that such ordinance was admissible in evidence, and was proper to be considered by the jury upon the question of the negligence of the officers of the city.

2. OFFERING ORDINANCE IN EVIDENCE.—It was not incumbent on the plaintiff to prove that the book of Revised Ordinances offered by him was the latest revision. It was sufficient for him to prove the existence of the ordinance which he desired to offer in evidence, and if it had been repealed or supers.ded by a later ordinance the burden was upon the city to show that fact.

3. IMPLIED NOTICE OF DEFECT IN SIDEWALK.—The court is of opinion that it is not necessary, in order to charge the city with implied notice of a defect in a sidewalk, that the circumstances should be such as to charge the particular person or persons having special supervision of the sidewalks with such notice. It is enough if the circumstances raise an implication of notice to any officer or agent of the city, whose duty it is to communicate to the city or its proper executive officers the existence of such defect.

ERROR to the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding. Opinion filed November 8, 1886.

Mr. JOHN GIBBONS, for plaintiff in error; cited City of Champaign v. Patterson, 50 Ill. 61; City of Chicago v. Brophy, 79 Ill. 277 ; City of Chicago v. Johnson, 53 Ill. 91; City of Chicago v. O'Brien, 111 Ill. 532; City of Bloomington v. Bay, 42 Ill. 503 ; Boucher v. City of New Haven, 40 Conn. 456.

Mr. H. WASHBURN, and Mr. CLARENCE A. KNIGHT, for defendant in error ; that a city is not liable for a failure to enforce its by-laws or ordinances, cited Stillwell v. N. Y. 49 N. Y. 360 ; Dillon on Municipal Corporations, § 950, 3d Ed.; Faulkner v. City of Arnone, 65 Ind. 130 ; Kistner v. City of Indianapolis, 100 Ind. 210 ; City of Lafayette v. Finberlake, 88 Ind. 330.

The city is not liable for the improper construction of a sidewalk : Urquohart v. Ogdensburg, 91 N. Y. 67 ; Cain v. Syracuse, 95 N. Y. 90 ; Saulsbury v. Village of Ithaca, 94 N. Y. 27.

Hearn v. City of Chicago.

BAILEY, J.  This was an action on the case, brought by
James A. Hearn against the City of Chicago, to recover dam-
ages for a personal injury caused, as is alleged, by a defective
sidewalk.  The trial, before the court and a jury, resulted in
a verdict and judgment for the defendant, and the plaintiff
brings the record here by writ of error.  The evidence tends
to show that, on the 20th day of June, 1884, while the plaint-
iff was walking upon the sidewalk on South Canal street in
said city, the cover of a coal-hole or opening through the
sidewalk gave way, precipitating him into the cellar or area
beneath, thereby causing the injury complained of.  Said cover
appears to have been about two and one half feet wide and
four feet long, and to have consisted of two or three two-inch
plank, battened on the under side.  One end of said cover
rested on the curb wall and extended to the outside of said
wall, and the other end rested on the first stringer or joist sup-
porting the sidewalk, having a bearing on said joist of only
about an inch.  The evidence shows that, at the time of the
injury, said cover was in no way hinged or fastened to the
residue of the sidewalk, and that there was no cleat or other
appliance to prevent its being moved in the direction of the
curb wall, so as to lose its bearing on the joist and fall into
the cellar.  There was some evidence tending to show that
said sidewalk had been in that condition for several months
prior to the injury, and we think it may be fairly inferred
from the evidence that such was its original construction.

The bill of exceptions does not purport to embody all the
evidence adduced at the trial, but instead of so doing, it pur-
ports to recite all the facts which the evidence tended to prove.
In his declaration the plaintiff set out, by proper averments,
certain ordinances of the city of Chicago, to wit, an ordinance
defining the duties of the superintendent of streets, among
which was that of having charge of the construction and re-
pair of all sidewalks, and also an ordinance requiring every
opening in any vault or coal-hole, or aperture in the sidewalk
over such coal-hole or vault, to be covered with a substantial
iron plate with rough surface to prevent accidents, and pro-
viding that the entire construction of said coal-holes and

vaults should be subject to the direction and supervision of the commissioner of public works, or such other person as the city council might designate. At the trial the plaintiff offered said ordinances in evidence, but on the defendant's objection they were excluded by the court, and exception was duly taken by the plaintiff.

We are of the opinion that said ordinances were material, and that their exclusion was error. They tended to show that the city had taken under its cognizance and control the sidewalks within its limits, and especially the entire supervision of the construction of the covers of all coal-holes or apertures in its sidewalks. On this point the case of City of Champaign v. Patterson, 50 Ill. 61, is a direct authority. It would also seem that said ordinances were pioper matter to be considered by the jury upon the question of the negligence of the officers of the city. While it is true that a failure by a city to enforce its own ordinances will not, of itself, render it liable to a private person who may be injured thereby, still, the fact that the city, for the express purpose of preventing accidents, has assumed the control of the construction of covers to coal-holes and apertures in its sidewalks, and required them to be made of a certain structure and material, and committed the entire matter of their construction to the direction and supervision of a particular officer, might, when taken in connection with other facts, have an important bearing upon the question of the negligence of such officer in relation to the original construction, or to the subsequent inspection of the cover which caused the injury to the plaintiff.

But it is urged that the plaintiff offered no proper proof of the ordinances of the city. The recital of the bill of exceptions is: "And to further sustain the issues on his part, the plaintiff offered in evidence the following sections of the Revised Ordinances of the City of Chicago," etc. Here the court certifies that the sections offered were portions of the Revised Ordinances of the city, and that fact can not now be controverted. But it is objected that the record fails to show which of the revisions of the ordinances was produced and offered. We do not judicially know that there ever was any other re-

Hearn v. City of Chicago.

vision than the one produced and offered in evidence. But even if we could say that there had been several, it was not incumbent on the plaintiff to prove that the book of Revised Ordinances offered by him was the latest revision. It was sufficient for him to prove the existence of the ordinance which he desired to offer in evidence, and if it had been repealed or superseded by a later ordinance, the burden was clearly upon the city to show that fact.

The court, at the instance of the city, gave to the jury the following instruction:

" The jury are instructed that the city is not liable for latent or unseen defects in the sidewalks of the city, which are not discoverable by the exercise of reasonable care; and if you believe from the evidence in this case, that the cover to the coalhole in question was in a reasonably safe condition, so far as discoverable by the exercise of reasonable care on the part of the officer of the city having charge of such matters at the time when the alleged injury to the plaintiff occurred, then you should find for the city, disregarding all other questions."

This instruction seems to us to be erroneous for several reasons. The ordinances having been excluded, there was no evidence of the existence of any particular officer having special charge of such matters as the examination and inspection of the covers of coal-holes and apertures in sidewalks to ascertain whether they were reasonably safe or not. This element of the hypothesis submitted to the jury by the instruction, at least, was wholly destitute of evidence to support it. Furthermore, the instruction entirely withdraws from the jury the question of the responsibility of the city for the original construction of the cover of the coal-hole. It also limits them, or may have been understood by the jury to limit them, to a consideration of the apparent condition of the cover at the time of the injury, and the opportunities which the officer in charge of such matters had for discovering the defect at that time, without regard to what should have been ascertained by such officer or his predecessors from previous examinations and inspections of its structure and condition, during the period it had been in existence.

We also think that the law was stated incorrectly by the modification made by the court to the instruction given at the instance of the plaintiff. As asked, it laid down the proposition that notice to the city of the unsafe and dangerous condition of said cover might be implied, if the defect had existed for such a length of time that the authorities of the city, by the exercise of reasonable care and diligence on their part, would have known of its existence. The modification limited the attention of the jury to the care and diligence of the authorities of the city having charge of such matters, and as to the probabilities of their ascertaining the existence of the defect. Apart from the fact that there was no evidence that the charge of matters in relation to defects of this character was committed by the city to any particular officer or class of officers, we do not think it necessary, in order to charge the city with implied notice of a defect in a sidewalk, that the circumstances should be such as to charge the particular person or persons having special supervision of the sidewalks, with such notice. It is enough, if the circumstances raise an implication of notice to any officer or agent of the city whose duty it is to communicate to the city, or its proper executive officers, the existence of such defect.

For the reasons above stated the judgment will be reversed and the cause remanded.

Reversed and remanded.