## THE VILLAGE OF MANSFIELD
### v.
## LOVINA J. MOORE.

*Defective Sidewalk—Location of—Injury—Action for Damages—Instructions—Negligence—Definition—Notice—Question for Jury.*

1. Where a sidewalk, built and maintained by a municipality within its corporate limits, is located on the right of way of a railroad company and is necessary for the use of the public, the corporation is responsible for its condition.

2. Neither actual nor constructive notice is required to be shown in case of defective construction.

3. Negligence is the want of that degree of care which the law requires in a given case.

4. An omission in an instruction is not error if it is supplied elsewhere in the instructions given.

5. Where the evidence is conflicting this court will not interfere with the verdict of the jury.

[Opinion filed November 20, 1886.]

APPEAL from the Circuit Court of Piatt County; the Hon. J. F. HUGHES, Judge, presiding.

Messrs. LODGE & HUSTON, for appellant.

The instructions are erroneous. Chicago v. Bixby, 84 Ill. 82; Grayville v. Whitaker, 85 Ill. 439; Chicago v. McGiven, 78 Ill. 347; Chicago v. Watson, 6 Ill. App. 344; Macomb v. Smithers, 6 Ill. App. 470; Joliet v. Walker, 7 Ill. App. 267; Chicago v. McCulloch, 10 Ill. App. 459; Owen v. Chicago, 10 Ill. App. 465.

It is a very dangerous practice to give erroneous instructions for a plaintiff and rely on the defendant's instructions to correct or modify them. The better rule is laid down in the following cases: W., St. L. & P. Ry. Co. v. Rector, 104 Ill. 296; Same v. Shacklet, 105 Ill. 364; I. C. R. R. Co. v. Moffitt,

Village of Mansfield v. Moore.

67 Ill. 431 ; Am. Ins. Co. v. Crawford, 89 Ill. 62 ; Wabash Ry. Co. v. Hanks, 91 Ill. 406 ; Singer M'f'g Co. v. Pike, 12 Ill. App. 506.

Appellee's briefs removed from file.

PLEASANTS, P. J. This suit by appellee, for personal injury ascribed to defective construction or condition of a sidewalk, resulted in a judgment on verdict for plaintiff of $1,800. We find no substantial error against appellant in any of the rulings below.

It is said the walk, at the place were the accident occurred, is not on a street, but within the right of way of the I., B. & W. R. R. Co. It is, however, within the corporate limits. The village authorities built and took and had charge of it for use as a sidewalk by the inhabitants and others generally, and it was so used without hindrance or objection by the company. Its necessity and importance to the public are conceded. These facts made the village corporation responsible for its condition, as for that of any other. Dillon on Mun. Corp. § 1009.

The effect of Bruffett's testimony, in connection with that of others, was for the jury to determine. In defendant's instructions 8 and 9 they were fully advised with reference to the event of their finding that the defective place testified of was not the place where the accident occurred.

The first and third, for plaintiff, are upon the hypothesis of absolute negligence on the part of defendant. This, of course, included notice where that is necessary to constitute it, and in what cases it is so necessary was clearly stated in others on both sides. Negligence is the want of that degree of care which the law requires in a given case, and the degree required in this case was also fully set forth in others. There was, therefore, no error or inconsistency in the omission complained of in these.

So that of the words "reasonably safe" or their equivalent, before "repair," in the fifth, could not have been misunderstood in the face of their use in the same connection in so many other places.

Neither actual notice, nor constructive by lapse of time, is required to be shown in cases of defective construction.

Upon disputed questions of fact there was a conflict of evidence, and this is the third jury that has agreed the same way in relation to them.    The judgment will be affirmed.

*Judgment affirmed.*