# THE TOWN OF WHEATON
## v.
## ABIGAIL W. HADLEY.

*Municipal Corporations—Personal Injuries—Defective Sidewalk—Dam-
ages—Evidence—Instructions.*

1.    In an action against a municipality to recover damages for personal
injuries suffered through a defective sidewalk, this court holds that the
officers thereof had constructive notice of the condition of the walk, which
had stood a long time and become rotten from exposure.

2.    The amount of damages to be awarded in such cases is within the dis-
cretion of the jury, the verdict being subject to be set aside whenever so
excessive as to indicate that the  jury were actuated by prejudice or other
improper motive.

[Opinion filed May 25, 1889.]

APPEAL from the Circuit Court of DuPage County; the
Hon. C. W. UPTON, Judge, presiding.

Mr. ELBERT H. GARY, for appellant.

It may be treated as the well-settled law that, before a
municipal corporation can be held liable for damages resulting
from a defective walk, there must be actual notice to the cor-

Town of Wheaton v. Hadley.

poration of the defect, or it must have existed a sufficient length of time to have enabled the corporation, by the exercise of reasonable diligence, to make discovery and to remedy the defect. Dillon, Sec. 790; Chicago v. Murphy, 84 Ill. 224; Chicago v. Stearns, 105 Ill. 554; Dewey v. Detroit, 15 Mich. 307; Ward v. Jefferson, 24 Wis. 342; Joliet v. Walker, 7 Ill. App. 267. The sidewalk in question was carefully examined and thoroughly repaired by the street commissioner of appellant about three weeks before the plaintiff was injured. There is no doubt this walk was ten or fifteen years old, or that the sills in places were decayed and the boards loose at times, but it is just as certain that great pains were taken to keep it in repair, that it was thoroughly repaired shortly before the fall, and that there was no notice, actual or constructive, after that time, of any defect. There is not, therefore, involved simply a disputed question of fact that has been settled by a jury, but upon the law, applied to the evidence, clearly shown, the defendant was not liable. As bearing upon this question, see City of Joliet v. Gerber, 21 Ill. App. 622; Chicago v. Murphy, 84 Ill. 224; Chicago v. McCarthy, 75 Ill. 602.

In country villages, where the amount of taxes that can be raised is greatly limited because of the small value of the property assessable, it is impossible to build stone, brick or other expensive walks that will not get out of repair, and cheaper walks must be depended upon. The travel, comparatively speaking, is light, and a very less degree of care in keeping in repair is required. This principle is well established. It is impossible to prevent accidents, or occasional defects, or to secure absolute immunity from danger. There is no profit to the corporation in making or repairing sidewalks. Having control over the streets, it is bound to use reasonable care, and no more, in keeping them in reasonably safe condition, taking into consideration all the circumstances, including its knowledge and means of knowledge. The traveling public must do the same.

Messrs. A. H. BARRY and J. F. SNYDER, for appellee.
It was the duty of the town authorities to keep the side-

walks in question in a safe condition for travel, so far as that could be done in the exercise of reasonable care and prudence in that respect Cooley on Torts, 625; The People v. The Mayor, etc., 63 Ill. 207; Prideaux v. Mineral Point, 43 Wis. 513; Mayor, etc. v. Cooley, 55 Ga. 17; Dillon on Municipal Corporations, Sec. 996, *et seq.*; Chicago v. Dale, 115 Ill. 386.

The testimony shows conclusively that the town authorities were guilty of negligence, and that they failed to perform this duty.

But, admitting, for the sake of the argument, that appellant did not have actual notice of the unsafe and dangerous condition of the walk in question between the date of repairs and the accident, did appellant have constructive notice of the unsafe and dangerous condition of this walk between these dates? Upon the doctrine of constructive notice, we cite the following authorities: Dewey v. The City of Detroit, 15 Mich. 307; Shear. & Red., Neg., 148; Mayer v. Sheffield, 4 Wall. 189; City of Springfield v. Doyle, 76 Ill. 202; Schwick-hardt v. St. Louis, 2 Mo. App. 571; Hume v. N. Y., 74 N. Y. 264; Albrittian v. Huntsville, 60 Ala. 486; Chicago v. Dale, 115 Ills. 386.

The evidence clearly shows that the walk in question was about fifteen years old, that the stringers were thoroughly decayed and the boards were mostly loose. Loose boards had been picked up and set against the fence, and members of the town council notified. People had fallen down on this walk before. The town council had discussed the question of rebuilding it and of repairing it, the spring of the accident. All of this testimony goes to show that the walk had been in a defective and dangerous condition for a long time prior to the accident, and that the walk needed rebuilding before it could be made safe.

"Where a party is injured from a defective sidewalk, caused by the stringers upon which the boards rested being decayed so as not to hold nails, so that a loose board tipped when stepped upon by a companion walking with the person injured, and the proof showed that the stringers had been in this condition a long time before the accident, though it failed

to show affirmatively the city knew of the particular board being loose at the time, it was held that the city was chargeable with notice of the unsafe condition of the walk, and was guilty of negligence in not having it repaired." City of Aurora v. Hillman, 90 Ill. 61.

LACEY, P. J. This was an action on the case to recover damages for injuries resulting from falling on a sidewalk of appellant, a municipal corporation, on Cross street, in said town, between Seminary and Wesley streets, because of the defective condition of the sidewalk. In not keeping it in safe condition, the appellant is charged with negligence. The accident took place on the 26th day of April, A. D. 1886. The *ad damnum* in the declaration was in the sum of $5,000, and the recovery $1,000.

On the day of the injury the appellee, in company with Miss Vaughn, was walking along Cross street, going south, Miss Vaughn being on the inside of the walk and the appellee being on the outside. When about sixty feet south of the Adams barn, Miss Vaughn stepped on a loose plank, which flew up and caught the appellee's feet and threw her violently on her face and hands, dislocating the ulna of the left arm at the joint where it joins the wrist, and inflicting a severe shock to her nervous system, which, it is claimed the proofs show, produced epilepsy and atrophic ulcers, as is claimed by appellee, but denied by the appellant. The appellant claims that the sidewalk was in good repair at the time of the accident, and, if out of repair, it had not been so out of repair a sufficient length of time to charge the town with constructive notice of its defective condition—hence there should be no recovery. Further, appellant claims that the damages are excessive, and that the court gave erroneous instructions on the part of appellee and refused proper ones asked by it.

We will first notice the claim that the sidewalk was in good repair.

The sidewalk, it appears, was very old, not having been replaced for fifteen years, and was badly decayed and in a very dilapidated condition, which the authorities well understood

or should have known.    The stringers were so decayed that they would scarcely hold a nail, and had sunk into the ground so that the sidewalk rested on the ground.    The boards of the sidewalk were also decayed, and many of them loose.

It is true the evidence shows that a short time before the accident the authorities made an attempt to repair it by nailing down some of the boards, not, however, putting in any new stringers, but it is evident from the testimony that it could not, without new material and almost an entire replacement of the sidewalk, be repaired so as to place it in a good, safe condition.    It seems to us that the evidence was ample from which the jury might find both that the sidewalk was badly out of repair at the time of the accident, and that the town had notice of it.    They were further justified in finding that appellee was in the exercise of care and caution to prevent injury at the time she received the fall.

Where a sidewalk has stood as long as this one and become rotten from exposure to the weather and time, the authorities ought to be held to have constructive notice of its condition, for with reasonable care such condition could be easily ascertained.

As to the point that the damages are excessive, we can only say that such matters are wholly within the discretion of the jury, only subject to be reviewed and the verdict set aside when they are so excessive as to convince the court that the jury were actuated by prejudice or other improper motive, or that there is a manifest want of evidence to support the verdict.    In this case it appears that the injury was serious even without the alleged resulting consequences of epilepsy and atrophic ulcers.    As to this last and subsequent condition, we think the jury might reasonably find that it was traceable to the injury resulting from the fall.    The jury were the judges of the evidence in this particular.    The jury, as we think, were justified in the verdict as respects the damages.    We think the appellee's instructions were not erroneous, or either of them; nor did the court err in refusing the respective instructions offered by appellant.    The jury were very fairly and

fully instructed, and no reasonable objection can be made to the action of the court in this particular.

There seems to have been a fair trial. The judgment is affirmed.

*Judgment affirmed.*

Judge UPTON, having tried the case in the court below, took no part in the hearing here.