## Sarah Bell et al. v. Nels O. Cassem.

1. DRAMSHOP ACT—*Construction of Section 10.*—It was the intention of the legislature in enacting section 10 of the dramshop act, providing that in case any person shall rent or lease to another any building or premises to be used or occupied in whole or in part for the sale of intoxicating liquor, or shall knowingly permit the same to be used or occupied, such building or premises so used or occupied shall be held liable and may be sold to pay any judgment against any person occupying such building or premises, to deal only with owners and those having rentable interests in such building and premises, and not to include those having only contingent interests and who are in no way responsible for the renting or control of the property.

2. SAME—*Mortgagees of Premises Not Liable.*—A mortgagor out of possession, and with none of the covenants in his mortgage broken, is in no position to control the mortgaged property or dictate the renting of it, and is not in any way affected by section 10 of the dramshop act, and in no way responsible for the renting or control of the property by the mortgagee.

Memorandum.—Foreclosure proceedings. In the Circuit Court of Kendall County; the Hon. CLARK W. UPTON, Judge, presiding. Decree for complainants; error by defendants. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

Bell v. Cassem.

BENJ. F. HERRINGTON, attorney for plaintiffs in error.

RANDALL CASSEM and McDOUGALL & CHAPMAN, attorneys for defendant in error.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

The defendant in error, Nels O. Cassem, filed his bill in chancery to foreclose a mortgage, executed December 21, 1889, by Albertina Helmuth and Jacob Helmuth, upon certain premises owned by Albertina Helmuth, and known as the "City Hotel" property, Yorkville, Illinois, to secure a loan of $2,000, made by him to the Helmuths. Sarah Bell and her five children, plaintiffs in error, were made defendants, because of an unsatisfied judgment for $5,000, recovered by them December 22, 1891, against Jacob Helmuth and Albertina Helmuth, for damages suffered by them by reason of the death of Arthur Bell, husband of Sarah Bell, caused by the sale of intoxicating liquors to him by Jacob Helmuth, who was at that time keeping a dramshop upon the premises.

Sarah Bell interposed an answer, setting up the unsatisfied judgment as a superior lien to the mortgage lien of Cassem, and denying his right to any relief as against herself and the children. The children, by their guardian *ad litem*, B. F. Herrington, filed a similar answer. They also filed a cross-bill, showing that the owner of the premises, Albertina Helmuth, permitted her husband, Jacob Helmuth, to keep a dramshop therein; that the judgment was recovered for damages caused by the selling of intoxicating liquors from the same; that an execution had been levied upon the premises for the purpose of enforcing payment of the judgment, but that a sale had been rendered impracticable by reason of the asserted mortgage lien of Cassem, and that since the execution of his mortgage, Cassem had permitted the premises to be occupied as a dramshop. The cross-bill asked as relief that Cassem's claim be declared subordinate, and removed out of the way of the judgment lien asserted, and that the sheriff be directed to sell under the execution levy.

The court sustained exceptions to the answer, sustained a demurrer to the cross-bill, and rendered a decree in favor of the complainant in the original bill, finding there was due on the mortgage debt $2,356.45; that the same was a superior lien to that of Sarah Bell and her children, and made the usual order of sale.

The judgment mentioned was recovered under the provisions of Sec. 9 of the dramshop act, and this case involves the construction of that part of Sec. 10, which reads as follows:

"For the payment of any judgment for damages and costs that may be recovered against any person in consequence of the sale of intoxicating liquors under the preceding section, the real estate and personal property of such person, of every kind, except such as may be exempt from levy and sale upon judgment and execution, shall be liable, and such judgment shall be a lien upon such real estate until paid ; and in case any person shall rent or lease to another any building or premises to be used or occupied, in whole or in part, for the sale of intoxicating liquor, or shall knowingly permit the same to be used or occupied, such building or premises so used or occupied shall be held liable for, and may be sold to pay any such judgment against any person occupying such building or premises."

It is claimed that that part of the section reading, "such building or premises so used or occupied shall be held liable for and may be sold to pay such judgment," renders the judgment lien superior to the mortgage lien of Cassem, notwithstanding the mortgage was given about five months before the cause of action accrued, and two years before the judgment was rendered.

A careful consideration of the section, together with the one preceding it, leads us to conclude that it was the intention of the legislature in enacting the provision in question, to deal only with owners, and those having rentable interests in the building and premises. We do not think that it was intended to include those who have only a contingent interest, and who are in no way responsible for the renting or control of the property.

A person can not be said to permit premises to be used for the sale of intoxicating liquors unless such person has some control over and disposition of the property at the time.   A mere mortgagee, out of possession and with none of the covenants in the mortgage broken, is in no position to control the property or dictate the renting of it.   His interest is contingent, depending upon whether the mortgagor performs the covenants in the mortgage.   To give the statute the construction contended for, would tend to render titles insecure.   No one could safely accept a mortgage to secure a loan, or purchase real estate on the faith of its appearing, from the public records, that the land was clear from liens and incumbrances.

Defendant in error, at the time the liquor was sold and the judgment recovered, had but a contingent interest in the property.   The conditions in the mortgage had not been broken, and he had no right to control the renting of it.   The views herein expressed are in harmony with the previous opinion of this court as expressed in Castle v. Fogarty, 19 App. 443, and also with those of the Supreme Court of the State of Ohio.   Bellinger v. Griffith, 23 Ohio St. 619.   Decree affirmed.