## Emma Gaby, for Herself and Montgomery County, v. Mary Palmer Hankins.

1. GAMBLING—*Recovery of Money Lost at.*—Under Section 133 of the Criminal Code a building used as a gaming house, or which the owner knowingly permits to be used for gaming purposes, may be sold

to pay a judgment recovered under Section 132 of such Code, and proceedings may be had to subject the same to the payment of such judgment, either before or after execution issues against the property of the person against whom the judgment was recovered.

2. SAME—*What is Sufficient to Put the Owner of Premises upon Inquiry.*—The fact that the owner, after receiving complaints that his premises were being used for gambling purposes, visited them and saw there a poker table and other furniture, this, even if he were not familiar with the paraphernalia of a gambling room, was sufficient to put him upon inquiry.

3. SAME—*Remedy in Chancery.*—The court is of opinion that a bill in equity can be maintained to subject property used for gambling purposes to the payment of a judgment recovered by special action on the case against the winners of money lost at gaming in such property.

4. SAME—*Trial by Jury Not a Matter of Right.*—The defendant in a suit under Section 133 of the Criminal Code is not entitled to a trial by jury as a matter of right, and the finding of the jury in such a proceeding is merely advisory.

5. EQUITY PRACTICE—*In Jury Trials.*—If a judge, sitting as a chancellor, prefers, by reason of the unsettled condition of his mind, after hearing the evidence submitted upon an issue, to have the advice of another jury, he should set the verdict aside and impanel another jury to retry such issue.

**Bill to Subject Property Used for Gambling Purposes to the Payment of a Judgment.**—Error to the Circuit Court of Montgomery County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1899. Reversed and remanded. Opinion filed December 13, 1899.

W. A. HOWETT and LANE & COOPER, attorneys for plaintiff in error.

CREIGHTON & GARDNER, attorneys for defendant in error.

MR. JUSTICE HARKER delivered the opinion of the court.

The plaintiff in error presented to the Circuit Court a bill in equity, charging that the defendant in error leased certain real estate, which she owned in the city of Litchfield, to one F. M. Lloyd, who sublet it to John M. Smith, William Stout and George Felkel, to be used as a gambling house; that in the spring of 1892 John H. Gaby, the husband of plaintiff in error, lost $1,628 in the house; that she subsequently brought suit against Smith, Stout, and Felkel

under Section 132, Chapter 38 of the Revised Statutes, to recover treble the value of the money so lost, one-half to her use and one-half to the county of Montgomery, and recovered a judgment against them for $4,914; that an execution was issued on said judgment but was returned *nulla bona*, and that she has not been able to obtain satisfaction of the judgment because of the insolvency of Smith, Stout and Felkel. The bill charged that the use of the premises as a gambling house was with the knowledge and consent of defendant in error, and prayed that they be subjected to the payment of the judgment. An answer was filed admitting ownership of the property, and the leasing to Lloyd, but denying that it was leased to Lloyd to be used by him as a gaming house, or that it was so used either by him, Smith, Stout or Felkel, with the consent or knowledge of defendant in error. After the filing of a replication, the following issues of fact, at the request of the defendant in error, were submitted to a jury: First, did the defendant lease the premises to be used by him as a common gaming house? Second, did Lloyd sublet the premises to Smith, Stout and Felkel to be used as a gaming house, with the knowledge and consent of the defendant? Third, did the defendant knowingly permit the premises to be used by any of said parties as a gaming house? The jury found for the defendant upon each of the issues, but the court, upon the hearing of a motion for new trial, set aside the verdict, and directed that the issues be submitted to another jury. Subsequently a rehearing of the motion for a new trial was argued and the court vacated the order setting aside the verdict. At the next term of court, the motion to set aside the verdict was renewed, and a motion made by the plaintiff in error for a decree in her favor notwithstanding the verdict. Both motions were overruled, and an order dismissing the bill, for the reason that there is no remedy in chancery in this character of case, and for the further reason that the verdict of the jury is conclusive, entered.

Section 132 of the Criminal Code provides that any

person who has lost ten dollars or more, at cards, dice,. or other games of chance, may sue and recover from the winner the money so lost, and that in case he shall not so sue within six months, it shall be lawful for any person to sue for and recover treble the amount of money lost, by special action on the case against the winner, one-half to the use of the county and one-half to the person suing. Section 133 provides that any building or premises used as a gaming house, or which the owner knowingly permits to be used for gaming purposes, may be· sold to pay any judgment recovered under section 132, and that proceedings may be had to subject the same to the payment of such judgment, either before or after execution shall issue against the property of the person against whom the judgment was recovered.

In this case the evidence shows that John H. Gaby lost large sums of money in a common gaming house, operated by Lloyd, Smith, Stout and Felkel, upon premises leased by defendant in error to Lloyd; that no suit to recover back the money within six months after losing the same having been brought by him, his wife, the plaintiff in error, recovered a judgment for her use and that of the county, for treble the amount lost, $4,914, against Smith, Stout and Felkel, and that because of the insolvency of the defendants, the judgment has never been satisfied.

That the house in question was a common and notorious gaming house for years is not disputed. The only frictional question of fact in the controversy is, whether defendant in error knowingly permitted it to be used as such.

A careful review of the record leads us to the conclusion that the finding of the jury upon that issue is against the preponderance of the evidence. That the upstairs room of the building in question was used for gambling purposes, for several years before Gaby lost his money, was a matter of common repute in Litchfield. Complaints had been made to the defendant in error of the bad character of the house. She, at one time, after receiving those complaints, visited the room while occupied by Smith, Stout and Felkel, and there

saw a poker table and other furniture which, even if she was not familiar with the paraphernalia of a gaming room, was sufficient to put her on inquiry. She knew that Lloyd was indicted for keeping the house as a common gaming house, appeared as a witness when he was tried. She knew that the grand jury of the county had returned an indictment against her under a former name by permitting the house to be used as such.

The trial court evidently entertained the same view, for when the motion for a new trial was first argued, the verdict was set aside.

It is most earnestly contended by counsel for defendant in error that a bill in equity can not be maintained to subject the property of the owner to the payment of a judgment recovered by special action on the case against the winners of money lost at gaming. For the reason that the statute is a highly penal one, and that the beneficiaries of the judgment are not the parties who lost the money, it is urged that unless there is some legislative provision for the remedy being enforced by bill in chancery, the door of that branch of the court will be closed against a litigant seeking satisfaction of a judgment out of the property where the money was lost.

It occurs to us that counsel would be in better position to urge that contention had they raised the question by demurrer to the bill. Instead of demurring, they filed an answer denying the material averments in the bill, and requested that a jury be impaneled to try the issues of fact. We can not agree with counsel's contention as a proposition of law, however. The question has never been considered by our Supreme Court, or either of the Appellate Courts of the State, so far as we are advised. The provision is identical with the one contained in section 10 of the dram shop act, which makes the property, in which was sold the liquor that occasioned the injury to a party recovering a judgment, subject to sale to satisfy the judgment. We have never entertained a doubt as to the right of a party seeking satisfaction of a judgment out of the owner's property,

under section 10 of that act, doing so by bill in chancery. While the right has not been expressly declared by our Supreme Court, it has, at least, been countenanced by the Supreme Court and by one of the Appellate Courts. Bell v. Cassem, 158 Ill. 45; Castle et al. v. Fogarty, 19 Ill. App. 442; Bell v. Cassem, 56 Ill. App. 260.

We can not agree with the contention of defendant in error, and the holding of the court below, that the verdict of the jury was conclusive. This is not a criminal prosecution, but a civil proceeding to enforce a penal statute, and there can be no greater reason why the finding of the jury for the defendants should be regarded as conclusive than in an action of debt to recover a statutory penalty.

Defendant was not entitled to a trial by a jury as a matter of right, and the finding of the jury was merely advisory. If the court was not satisfied with the verdict, a decree should have been rendered for the complainant, notwithstanding the verdict, or it should have been set aside and the cause submitted to another jury. If the evidence convinced the mind of the court that the preponderance upon the issues tried was with the complainant, then it was his duty to grant the relief sought by the bill, regardless of what the jury had said about it. If he preferred, by reason of the unsettled condition of his mind, after hearing the evidence, to have the advice of another jury, he should have set the verdict aside and impaneled another jury to try the issue. We take it that such was the condition of the court's mind at the time of sustaining the motion for a new trial and entering an order to submit the issues to another jury. For that reason we do not feel warranted in reversing the decree with directions to render a decree granting the relief sought by the bill. We prefer to reverse the decree and remand the cause for further proceedings in the Circuit Court. Reversed and remanded.