## HIRAM COOMBS

### *. v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 25, 1902.*

1. EVIDENCE—*what indispensable to make case in action of debt for general taxes.* It is indispensable to the right of the People to recover in an action of debt for general taxes on lots forfeited to the State for the taxes in the years 1895, 1896, 1897, 1898 and 1899, that it be proven defendant was the owner of such lots on the first day of April, 1899, and on the first day of May in the other years.

2. SAME—*right of State to show ownership of lots.* Section 232 of the Revenue act, declaring that the person to whom real estate or personal property is assessed for taxation shall be regarded, *prima facie,* as the owner, does not preclude the People from showing, in an action of debt for general taxes, that the defendant is the owner of the lots although assessed in the name of another party.

3. SAME—*word "owner" has no fixed, absolute meaning.* The word owner, as applied to land, has no fixed meaning which can be held applicable to every enactment, and while it usually denotes a fee simple estate, yet it may include one having the use, control or occupation of land under a claim of ownership and having a less estate than a fee.

4. TAX DEEDS—*clerk's certificate must be made on day of sale.* The clerk's certificate which is to constitute the process for the sale of land for taxes must be made on the date of the sale and not prior thereto, and a tax deed based on a sale under such defective certificate does not pass title.

5. SAME—*right of holder of tax deed to show that it is defective.* The fact that a person receives and records a tax deed does not estop him, when he is sought to be charged as the owner of the land by the People in an action of debt for taxes, to show that the deed is insufficient to pass title; nor is he obliged to disclaim all benefit from the tax deed in order to be permitted to make the defense.

APPEAL from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

GAGE & DEMING, for appellant.

ROBERT S. ILES, ROBERT D. MARTIN, and STILLMAN B. JAMIESON, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from a judgment rendered against the appellant in the sum of $818.02 in an action in debt brought by the People of the State of Illinois against him, under section 230 of chapter 120, entitled "Revenue," to recover general taxes alleged to be due on lots Nos. 74 and 75, in block 34, in canal trustees' subdivision of section 7, town 39, range 14, in Cook county, which lots were forfeited to the State in the year 1900 for the taxes for the years 1895, 1896, 1897, 1898 and 1899.

It was indispensable to the right of the People to recover that it should be proven that the appellant was the owner of the lots on the first day of May in 1895, 1896, 1897 and 1898, and on the first day of April, 1899. (*Bowman* v. *People*, 114 Ill. 474.) Section 232 of the Revenue act (3 Starr & Cur. Stat. 1896, p. 3502,) declares the person to whom real estate or personal property is assessed for taxation shall be regarded, *prima facie*, as the owner. It appeared in the proof in the case at bar that the lots in question were not assessed to the appellant, but to "A. Dreschler Est." The appellee insisted this provision of the statute was for the benefit and convenience of the people, and did not preclude proof in behalf of the People that the appellant was the owner of the lots. This insistence we regard as correct.

To establish that the appellant was the owner of the lots, the People introduced a certified copy of a deed executed on the 16th day of September, 1890, by the county clerk of Cook county, purporting to convey the lots to the appellant, as the purchaser thereof, at a public sale of the real estate delinquent for taxes, made in said county on the 16th day of September, 1887, and also a certificate of the recorder of deeds showing the deed was recorded on the 19th day of September, 1890. It was stipulated by appellant that he had never executed a deed of conveyance to the lots, and that no judgment had been

recovered against him by which any interest which might have been invested in him by virtue of said tax deed had ever been taken from him. There was no further proof relative to the title or ownership of the lots.

The word "owner," as applied to land, has no fixed meaning which can be declared to be applicable under all circumstances and as to any and every enactment. It usually denotes a fee simple estate, (*Wright* v. *Bennett*, 3 Scam. 258; *Illinois Mutual Fire Ins. Co.* v. *Marseilles Manf. Co.* 1 Gilm. 236;) but it has been defined to include one who has the usufruct, control or occupation of land with a claim of ownership, whether his interest be an absolute fee or a less estate. (17 Am. & Eng. Ency. of Law,— 1st ed.—299, 300.) There is no proof in this record the appellant had, or ever had, the possession or control of the lots, or either of them, or that he has enjoyed the rents, issues or profits therefrom. If the judgment can be upheld it must be upon the ground the production of the tax deed for the lots, and the concession that whatever title thus passed to him still remained in him, established that he owned an absolute title in fee simple to them.

The appellant introduced in evidence a certified copy of the certificate made by the clerk to constitute the process of sale (under section 194 of the Revenue act,) for the sale of lands and lots against which judgment and order of sale for delinquent taxes was entered in the year 1887, being the sale upon which his tax deed rested. It appeared from this certificate that the clerk, in 1887, made and filed the certificate required to be made by him by said section 194 of the Revenue act, not on the 22d day of August, the day advertised for the sale as required by the provisions of said section, but on the 20th day of July, 1887, some two months prior to the day of sale. Section 194 requires that the clerk shall, on the day fixed for the sale, examine the list of lands and lots against which judgment has been rendered, and see that

all payments which may have been made are properly noted thereon, and shall then make the certificate that the record is correct and the judgment was rendered against all the lands and lots on the list. A certificate of the clerk, attested and sealed on the day of the sale, constitutes the process for the sale of lands and lots for taxes. The provisions of the section that the certificate of the clerk shall be made on the day of the sale is mandatory. The certificate made in July prior to the sale in August was insufficient to authorize the sale of the lots, and a deed taken under a sale so made could not avail to pass title to the purchaser. (*Kepley* v. *Scully*, 185 Ill. 52.) A valid judgment against the land and a valid process for the sale thereof are indispensable, in addition to the deed, to establish title. *Gage* v. *Thompson*, 161 Ill. 403; *Ames* v. *Sankey*, 128 id. 523; *Gage* v. *Caraher*, 125 id. 447.

The evidence therefore disclosed the tax title received by appellant did not invest him with the ownership of the lots. That he received a tax deed and placed it upon the records did not estop him to show the deed was defective. It was good color of title, and he had the right to retain it as such and as a basis of title under the limitation laws of the State. The record of the deed constituted a cloud upon the true title to the lots, and the deed and record thereof could not be canceled by a court on the application of the owner of the lots, except upon repayment to the holder of the tax deed of the taxes paid, etc. (Revenue act, sec. 226.) Appellant was therefore not required to disclaim all benefit from the tax deed in order he should not be deemed estopped to deny, in defense of this proceeding, that he was the owner of the lots.

The judgment must be and it is reversed, and the cause remanded.                    *Reversed and remanded.*