EDWARD WAHL, Appellee, *vs.* GERALDINE FAIRBANKS, Appellant.

*Opinion filed January 18, 1950—Rehearing denied March 20, 1950.*

BESSE & BESSE, of Sterling, and CARR, CARR & CARR, of Ottawa, (KENNARD J. BESSE, and L. VERNON FRYE, of counsel,) for appellant.

R. A. POWERS, of Streator, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

On April 1, 1927, Peter Wahl was the owner of a certain lot in Streator, Illinois, and on said date entered into a written contract with Edward Wahl and Ida Wahl, husband and wife, to convey the same to them for a consideration of $2500, payable in monthly installments until the full amount with interest was paid, at which time they

were to have delivered to them a warranty deed to the premises. The contract also provided that Edward Wahl and Ida Wahl were to pay all taxes assessed against said premises thereafter. The pertinent part of the contract is as follows:

"This Agreement made and entered into this 1st day of April 1927 by and between Peter Wahl, party of the first part, and Edward Wahl & Ida Wahl, as joint tenants, party of the second part, WITNESSETH: That the party of the first part hereby agrees and covenants to convey to the party of the second part by Warranty Deed the real estate herein described, viz: [here follows the legal description] * * * Provided and on condition the party of the second part shall pay or cause to be paid to the party of the first part, as purchase money for said real estate, the sum of Twenty-five Hundred Dollars ($2500.00) payable as follows, viz:"

On August 26, 1929, Peter Wahl prepared and executed a warranty deed conveying the property to "Edward Wahl and Ida Wahl, his wife," no mention being made of the joint tenancy. It appears from the evidence that Peter Wahl retained this deed of conveyance with his copy of the contract in a trunk at his home. Peter Wahl died October 22, 1932, and the executed deed and his copy of the contract were left with the other sons of Peter to hold until the payments were completed. It appears from the evidence that the contract was placed with a bank by these sons, and that after the death of Peter Wahl, Edward and Ida Wahl made their payments to the bank. The payments were completed and the deed as executed by Peter Wahl was delivered to Edward and Ida Wahl by the other sons of Peter and was recorded by the grantees on May 4, 1942. Ida Wahl died intestate on January 22, 1947, and left her surviving her husband, Edward, and the appellant, Geraldine Fairbanks, her daughter by a former marriage, as her only heirs. On September 8, 1948, Edward Wahl filed a complaint in the circuit court of La Salle County to reform the deed of Peter Wahl so as to name the grantees therein as "Edward Wahl and Ida Wahl as joint tenants"

because of the alleged mistake in the preparation of said deed. Geraldine Fairbanks answered the complaint and denied any mistake and filed a counterclaim by which she claimed to be a tenant in common by virtue of the deed from Peter Wahl as an heir of Ida Wahl and prayed for partition according to law.

Upon a hearing, the circuit court granted the relief prayed by Edward and ordered the deed reformed so that under it as a joint-tenancy deed, Edward, by reason of the death of his wife, became the sole owner of the property. Geraldine Fairbanks appealed to this court to reverse the action of the trial court. A freehold being involved this court has jurisdiction of the matter.

Geraldine Fairbanks contends that the intention of the parties is conclusively manifested by the language of the deed and that, therefore, she is the owner of an interest in the property by reason of inheritance from her mother. Edward Wahl contends that the deed should be reformed to conform to the intention of the parties as ascertained from the language of the contract for sale. A review of the authorities indicates that a case presenting this particular question has not been previously before this court.

Under the rulings of this court in the cases of *Engelbrecht* v. *Engelbrecht,* 323 Ill. 208, and *Shipley* v. *Shipley,* 324 Ill. 560, the contract of April 1, 1927, would appear to contain sufficient words of intention to indicate that Edward Wahl and Ida Wahl were to take the property as joint tenants and not as tenants in common, even though said wording was not in the exact wording of the statute.

It, therefore, appears that the justice of the peace who prepared the deed, if he in fact did prepare the deed, or that the grantor, Peter Wahl, when he prepared the deed, did not prepare the same in accordance with the terms of the contract. In view of the fact that there is evidence in the record that the deed and the original copy of the contract were retained together by Peter Wahl in his

possession and since there do not appear to be any alterations on the original contract, it can be presumed that it was his intention at the time he executed the deed of conveyance to execute the same in accordance with the terms of the contract and that an error was made by him in thus preparing the deed.

The legal effect of the contract for deed dated April 1, 1927, was to place the equitable title to the lot in Edward Wahl and Ida Wahl as joint tenants. The only interest which Peter Wahl had thereafter in the land was for the payment of the balance due on the contract. We have held that in contracts for the sale of land the doctrine in equity is that from the time of the contract, the vendor, as to the land, becomes a trustee for the vendee and the vendee, as to the purchase money, a trustee for the vendor who has a lien upon the land therefor. As we have stated in *Fuller* v. *Bradley*, 160 Ill. 51, "In equity the vendor is treated as the owner of the money and is deemed to stand seized of the land for the benefit of the purchaser." Likewise, by statute the legislature has provided that a contract for the sale of land may be enforced by the purchaser after the death of the seller. Section 1a of the act entitled "An Act to revise the law in relation to joint rights and obligations" provides: "Whenever any contract for the purchase of real estate hereafter entered into shows that the title is to be taken by the vendees as joint tenants and not as tenants in common, and one or more of such vendees die before the delivery of the deed to such vendees, then in such case no heir, devisee or legal representative of such deceased vendees shall have or take any right, title or interest under the contract or in such real estate, but the obligation of the vendor or vendors under the contract (upon the performance thereof) shall be to convey such real estate to such surviving vendee or vendees, and if all such vendees die before such delivery then to the heirs or devisees of the last survivor; but

nothing herein contained shall operate to change the effect of any assignment by any of said vendees." Ill. Rev. Stat. 1947, chap. 76, par. 1a.

It, therefore, appears that, since no deed of convey-ance was executed and delivered to the purchasers during the lifetime of Peter Wahl, upon the death of Peter Wahl and the subsequent completion of the terms of the contract, the purchasers were entitled to a deed of con-veyance in accordance with the terms of the contract, and that from the date of the contract Peter Wahl was not the absolute owner of the property but merely held the property as trustee for the purchasers, subject to their completion of the terms thereof. The purchasers described in the contract were Edward Wahl and Ida Wahl as joint tenants, and, as previously mentioned, the descrip-tion of them in the contract was sufficient to create a joint tenancy; therefore, the deed of conveyance should have been in accordance with the contract.

In the case at bar, Edward Wahl was the original plaintiff and he has burden of proof to establish that the deed should be reformed. He established a *prima facie* case by proving the contract and performance by him and his wife of their covenants therein. Since the daugh-ter introduced no evidence, there is nothing to rebut the *prima facie* case established by the appellee.

There is no evidence indicating that at any time prior to the death of Peter Wahl there was any memorandum executed by the purchasers by which the interest of the purchasers in the contract was changed. In view of our holding that the contract created an interest in the land on the part of Edward Wahl and Ida Wahl, the deed of conveyance was merely a formal recital of the comple-tion of the covenants by the purchasers and should have followed the form of the contract. We do not believe that the recording of the deed of conveyance, in and of itself, is sufficient evidence to rebut the evidence presented by

the appellee to sustain his case. The record does not disclose that any rights of third persons have intervened to complicate the title.

The action of the trial court was adequately sustained by the evidence in view of the fact that there is no evidence other than the recording of the deed which could be considered to be any act by the purchasers to sever the joint tenancy created by the original contract. Finding that the decree of the chancellor is not contrary to the manifest weight of the evidence, the decree is affirmed.

*Decree affirmed.*