John Osinger, Plaintiff-Appellant, v. Fred Christian, Defendant-Appellee.

Gen. No. 48,986.

First District, Third Division.
September 18, 1963.

Jurco, Damisch and Sinson, of Chicago (Junie L. Sinson and Nancy G. McDermid, of counsel), for appellant.

McKinley and Price, of Chicago (Paul E. Price and Louis Dennen, of counsel), for appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an action under the Dramshop Act, Illinois Revised Statutes, c 43, § 135 (1961), to recover damages for personal injuries sustained by plaintiff when an automobile in which he was a guest passenger struck a pole. Plaintiff sued Fred Christian, owner of the dramshop, the 700 Club, and Thomas Collins, driver of the automobile, claiming that the accident was caused by Collins' intoxication resulting from his consumption of intoxicating liquor furnished by Christian. The case was tried by a jury which returned a verdict against Collins for $7750 and a verdict finding Christian not guilty. Plaintiff appeals from the judgment rendered on the latter verdict.

█ The principal error assigned is the giving of an instruction on behalf of defendant as follows:

"Plaintiff has the burden of proving by a preponderance of the evidence. . . . That at the time of the occurrence John Osinger was in the exercise of due care and caution for his own safety."

At about 10:00 p. m. on December 15, 1956 plaintiff went to a tavern run by Christian. When he arrived he saw Collins sitting at the bar, drinking a "shot" (whiskey) and beer. Collins asked him if he wanted a lift home. He said yes. He then went to a stool six or seven stools away from Collins and watched televi-

481

sion until he and Collins left together. It is undisputed that at no time did plaintiff order drinks for Collins or pay for any of Collins' drinks. During that time he saw Collins consume five or six shots and beer. About 1:00 a. m. plaintiff and Collins left together in Collins' car, and shortly after that the accident occurred. Plaintiff testified that when he got into the car with Collins, he did not know Collins was drunk; that he first realized he was when Collins accelerated the speed of the car, laughed, grinned and refused to slow down.

The propriety of the giving of defendant's instruction hereinbefore referred to depends upon two propositions: (1) that contributory negligence, as distinguished from complicity, is a defense in a dramshop suit; and (2) that even if it is not a defense in such an action, it was proper to give it in the instant case because plaintiff alleged in his complaint that he was in the exercise of due care for his own safety.

The rule with respect to complicity as a defense in a dramshop action means that one who has participated in bringing about the intoxication of another cannot recover against the dramshop keeper. Hill v. Alexander, 321 Ill App 406, 53 NE2d 307; Douglas v. Athens Market Corp., 320 Ill App 40, 49 NE2d 834; Taylor v. Hughes, 17 Ill App2d 138, 149 NE2d 393. The defense of contributory negligence presupposes an action predicated on negligence. A dramshop action is not predicated on negligence. If intoxicating liquor sold to Collins caused his intoxication in whole or in part and as a result thereof plaintiff was injured, the action is complete and no issue of negligence is involved. Taylor v. Hughes, supra.

Defendant has cited Hill v. Alexander, supra, and Bennett v. Auditorium Bldg. Corp., 299 Ill App 139, 19 NE2d 626, for the proposition that contributory negligence is a defense in a dramshop action. These

482

cases are clearly distinguishable. In Hill v. Alexander the court said, at 417, that while both parties stated that the case was based on the Dramshop Act,

"yet they state their respective positions as though the cases were tried as a common law action involving proof of negligence, proximate cause and due care. It is difficult to know from the complaint in the instant case whether the plaintiff is relying on the Dram Shop Act or on the common law."

The court analyzed the character of the Dramshop Act and said (at 418):

"A party complaining of the wrongful act of a tavern keeper in causing the intoxication of another, from which damage results to him, must not be an active and willing agent with the tavern keeper, assisting in causing such intoxication. However, this does not state a rule of contributory negligence."

It also appears that the plaintiff in that case had failed to complain of the instructions requiring her to prove that at the time of the accident she was in the exercise of due care. It was in this confused state of the pleadings and argument that the court examined the facts in the case and held that the accident did not occur as a result of the intoxication of the person to whom the dramshop keeper had sold the liquor. The case is not authority for the proposition that contributory negligence is a defense in a dramshop case.

In the Bennett case, supra, the plaintiff had alleged that a guest of the defendant had become drunk and vomited and that the plaintiff had slipped on the vomit. There was evidence that the plaintiff herself vomited and fell on her own vomit. Under such circumstances, where the sole cause of the injury appears to be the

plaintiff's own act, an instruction advising the jury that if this was true the plaintiff could not recover would be correct. That is not analogous to the instant case.

■ Defendant argues that even if it would normally be error to give the instruction in question, that does not apply in the instant case because plaintiff has alleged in his complaint that he exercised due care. This question arose in Taylor v. Hughes, supra, where the court said, at 146:

> "It is also to be noted that both the complaint and the answer make allegations relating to contributory negligence, which, as we have pointed out, is not involved in dramshop cases because they are not based on negligence. It is of course the law that a person cannot try a case on one theory in the trial court and on another theory in a court of review. [Citation.] It is also the law that if pleadings contain elements not necessary to the cause of action, these can be treated as surplusage. [Citing cases.] That part of the pleadings which allege and deny that the plaintiff was in the exercise of due care, could properly be treated as surplusage. The complaint alleged all the elements of a case under the Dramshop Act."

In the instant case plaintiff's attorney objected in conference to the instruction in question and asked that an instruction stating the law applicable to the defense of complicity be given instead. Under such circumstances plaintiff's allegation of due care should be treated as surplusage.

Defendant argues that the jury could not reasonably have returned any verdict other than that of not guilty, because the evidence shows that plaintiff was not an innocent party and that therefore, even though the instruction in question may have been erroneous, a

reversal is not required. It is true, as defendant argues, that one who joins an intoxicated person in a drinking spree may be guilty of complicity. Phenicie v. Service Liquor Store, Inc., 23 Ill App2d 492, 163 NE 2d 220; Meier v. Pocius, 17 Ill App2d 332, 150 NE2d 215. What defendant is urging upon us is in effect that *we find* that plaintiff was guilty of complicity in procuring Collins' intoxication. It was a question of fact for the jury, to be decided upon proper instructions. The giving of the instruction in question was serious error.

The defense of complicity and the defense of contributory negligence are both children of the doctrine that one cannot profit from his own wrong or neglect. Although the line which divides them may on occasion be thin, the history of the Dramshop Act justifies the acceptance of complicity and the rejection of contributory negligence as a defense. The common law gave no right of action either on the theory that the sale of liquor was a direct wrong or on the ground that it was negligence, which under any circumstance might impose liability on the seller for damages resulting from intoxication. Hyba v. C. A. Horneman, Inc., 302 Ill App 143, 23 NE2d 564. The Dramshop Act is designed to fulfill a need for discipline of traffic in liquor and to provide a remedy for the evils and dangers which flow from such traffic. The remedy is not necessarily based on fault or negligence. A dramshop keeper who has sold liquor to one not intoxicated at the time and a landlord wholly innocent may be liable. Lichter v. Scher, 11 Ill App2d 441, 138 NE2d 66. Allowing one who participates in causing the intoxication to recover would enhance instead of suppress the mischief, but on the other hand, the discipline of the traffic is not relaxed by rejecting contributory negligence as a defense. In any event that is now a well established doctrine.

485

The judgment is reversed and the cause is remanded with directions to grant the motion for new trial as to Christian, and for such other and further proceedings as are not inconsistent with the views hereinbefore set forth.

Judgment reversed and cause remanded with directions.

McCORMICK and DEMPSEY, JJ, concur.