Faye Robinson, Plaintiff-Appellant, v. Henry Walker, Drexel Liquors, Inc., a Corporation, Alex Kelly, Live Stock National Bank of Chicago, a National Banking Association, Defendants, and Central National Bank in Chicago, a National Banking Association, Defendant-Appellee.
On Appeal of Faye Robinson, Plaintiff-Appellant.

Gen. No. 49,856.

First District, First Division.

October 18, 1965.

David Alswang and Martin B. Forbes, all of Chicago, (David Alswang, of counsel), for appellant.

Winston, Strawn, Smith & Patterson, Conrad Sanders, and Donald Weaver, of Chicago, (Calvin Sawyier, Stanford J. Goldblatt, William R. Dillon, and John Mann, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Plaintiff, Faye Robinson, brought this suit for personal injuries allegedly resulting from an armed assault upon her by defendant, Henry Walker, on November 14, 1961. The first count of her complaint sought recovery from defendant Walker on a theory of common law assault. The second count was grounded upon the Dram Shop Act, Ill Rev Stats c 43, § 135 (1961), and sought recovery against two tavern keepers and against the land trustees who held title to the real estate upon which the taverns were respectively located. One such land trustee, defendant, Central National Bank in Chicago, moved for summary judgment in its favor, and attached to its motion an affidavit by one of its officers and the land trust agreement relating to the property. Summary judgment in favor of the Bank was ordered by the trial court, and plaintiff seeks here a review of that order.

The portion of the Dram Shop Act relevant to this appeal provides:

> Every person, who shall be injured, in person or property by any intoxicated person, shall have a right of action in his or her own name, severally

or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; and any person owning, renting, leasing or permitting the occupation of any building or premises, and having knowledge that alcoholic liquors are to be sold therein, . . . shall be liable, severally or jointly, with the person or persons selling or giving liquors aforesaid, . . . (Ill Rev Stats c 43, § 135 (1961)).

Basing her claim against the Bank upon this language, plaintiff alleges that the Bank, as land trustee, is the "owner" of the property upon which one of the taverns is located, and that the Bank had knowledge of the sale of alcoholic liquors on the premises. Defendant contends that as a land trustee it holds "naked" title to the property, without any accompanying right to manage or to control its use; that it has disclosed to plaintiff the beneficiaries of the land trust, who are in active control of the premises; and that the Dram Shop Act, in imposing liability upon an owner, did not intend to impose liability upon a land trustee under these circumstances.

On the question of who had the right to manage and to control the use of the real estate, the Trust Agreement pertaining to that real estate, which was attached to defendant's motion for summary judgment, provides:

The beneficiary or beneficiaries hereunder shall in his, her or their own right have the full management of said real estate and control of the selling, renting and handling thereof, and any beneficiary or his or her agent shall handle the rents thereof and the proceeds of any sales of said property, and said Trustee shall not be required to do anything

in the management or control of said real estate. . . .

The Trust Agreement also sets forth the names and addresses of the beneficiaries.

The officer of defendant stated, in the amended form of the affidavit which was attached to the motion for summary judgment, that the Bank "had no beneficial interest in nor at any time did it participate in active management, operation or control of the property . . . nor was the Bank under any obligation to so act nor did it have the right to manage, operate or control at any time."

Plaintiff contends that, despite the language of the trust agreement and the affidavit of defendant's officer, the right to manage and to control the premises were in the Bank by virtue of the language of the recorded Trust Deed. That document, read alone, would suggest that conclusion. But plaintiff's argument overlooks the fact that the Trust Deed explicitly conveys the premises to defendant ". . . as Trustee under the provisions of a certain Trust Agreement, dated the 27th day of July, 1955, and known as Trust Number 3646," and that defendant has disclosed to her the beneficiaries of that trust and all of the other provisions of the document which created it. The Trust Deed and the Trust Agreement, when read together, clearly reserve those rights to the beneficiaries of the trust and not to the Bank.

Appellant principally contends that the Dram Shop Act simply imposes liability upon the "owner" of the premises and makes no requirement that he have the right to manage or to control. We have not been referred to, nor have we found, any Illinois cases which are directly in point. In the early case of Castle v. Fogerty, 19 Ill App 442, the court construed a version

of the Dram Shop Act substantially identical to the statute involved in this case, and overturned the imposition of liability upon one holding a reversionary interest in the premises, because control of the premises belonged to the life tenant. The court said:

> . . . after a careful consideration of the subject we have arrived at the conclusion that it was the intention of the legislature in the passage of the two sections to deal only with landlords and their property and those having a rentable interest in buildings and premises that they could control at the time, and that it was not intended to include those who only have reversionary and contingent interest and who are not in any way responsible for the renting, control or disposition of the property. (19 Ill App, at 444).

Plaintiff cites Moran v. Katsinas, 17 Ill App2d 423, 150 NE2d 637, for the proposition that a land trustee is liable in his representative capacity as an owner under the Dram Shop Act. But that case is substantially different on the facts from the one before us, in that the trustee in that case personally operated the tavern on the premises. The court viewed the trust estate itself as, "engaged in the business of selling intoxicating liquor." (17 Ill App2d, at 434).

In O'Connor v. Rathje, 298 Ill App 489, 19 NE2d 96, this court held that a trustee who holds title to real estate and who employs an agent to lease and to manage that property is not liable in his representative capacity as "owner" under the Dram Shop Act. The court was not required to pass upon the liability of the trustee in his individual capacity. It should be noted that the trustee in the O'Connor case possessed some degree of power to manage and to control the premises.

In cases arising under statutes other than the Dram Shop Act, the word "owner" as applied to land has been held to have no fixed meaning which can be declared to be applicable under all circumstances. Coombs v. People, 198 Ill 586, 64 NE 1056. The word usually signifies one who has the legal or rightful title, but this is not always the sense in which it is employed. It is not rigid in meaning, especially in ordinances and statutes, and frequently is used to denote one in control, but having less than absolute title. The meaning usually depends, in great measure, upon the context and the subject matter to which it is applied. DeLuxe Motor Cab Co. v. Dever, 252 Ill App 156. In Woodward Governor Co. v. City of Loves Park, 335 Ill App 528, 82 NE2d 387, the court was required to determine whether a railroad having an easement over certain property was the "owner" of that property within the meaning of a statute relating to the disconnection of land from a city. In holding that the railroad was such an owner, the court said: ". . . there is no uniform guide as to what meaning shall be ascribed to the term 'owner,' and . . . consideration must be given to the nature and purpose of the statute involved." (335 Ill App, at 535).

Mr. Justice Schwartz, speaking for this court in the recent case of Osinger v. Christian, 43 Ill App2d 480, 193 NE2d 872, addressed himself to the question of the purpose of the Dram Shop Act:

> The Dramshop Act is designed to fulfill a need for discipline of traffic in liquor and to provide a remedy for the evils and dangers which flow from such traffic. (43 Ill App2d, at 485).

Almost half a century earlier the U. S. Supreme Court, in upholding the constitutionality of the Illinois Dram Shop Act as applied to the lessor of the

premises, characterized the statute as, ". . . for the regulation of the traffic in intoxicating liquors, . . . with a view to repress the evil consequences which may result therefrom." Eiger v. Garrity, 246 US 97, at 102.

We conclude that the purposes of the Dram Shop Act would in no way be served by imposing liability upon one who, as defendant here, holds "naked" title and has no right to exercise any control over the use of the property for the sale of intoxicating liquors; and that such a title holder was not intended to be included within the provision imposing liability upon an owner. Holding a land trustee liable would not provide "discipline of traffic in liquor," for the trustee neither participates in nor has control over such traffic.

Plaintiff devotes much of her argument to the problem of whether the judgment against defendant should be in its representative capacity or in its individual capacity. Another point raised by her is that the interest of the beneficiaries of the land trust is personal property, not real property. Finally, she contends that the pleadings raise an issue of fact as to the knowledge of defendant of the sale of liquor on the premises. The view we take of the case, however, makes it unnecessary for us to resolve these questions. The judgment is therefore affirmed.

Judgment affirmed.

MURPHY and KLUCZYNSKI, JJ., concur.