ETHEL WENDT, Individually and as Adm'rx of the Estate of Carl Robert Wendt, Plaintiff-Appellant, *v.* GERALDINE RICHTER, Defendant-Appellee.

(No. 58254; ▮▮▮▮▮▮▮

First District (4th Division)—January 16, 1974.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

BURMAN, J., dissenting.

John L. Martin and James L. Tuohy, both of Chicago, for appellant.

Norman P. Wexler, of Chicago (Wexler & Wexler, of counsel), for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County sustaining a motion for summary judgment.

The only issue presented on appeal is whether the trial court erred in allowing the defendant's motion for summary judgment.

On January 25, 1968, the plaintiff, Ethel Wendt, as administratrix of her deceased husband's estate, filed an action under Ill. Rev. Stat. 1971, ch. 43, § 135, commonly known as the Dram Shop Act, against Henrietta Meyers, doing business as Elm Inn, as the operator of the dram shop,

and the Lakeview Trust and Savings Bank under Trust No. 2348, as the owner of the dram shop premises. The complaint alleged the plaintiff's husband, Carl R. Wendt, fell down certain stairs and died after becoming intoxicated from consuming alcoholic liquor which was sold to him at the dram shop. A motion for summary judgment was filed by the Lakeview Trust and Savings Bank, alleging it was merely a land trustee and the beneficial interest of the trust in question was held by Geraldine Richter. On April 17, 1968, the plaintiff obtained leave of court to file an amended complaint adding the beneficiary of the land trust, Geraldine Richter, as an additional defendant. On April 18, 1968, the defendant, Geraldine Richter, filed her answer to the amended complaint, wherein she admitted ownership of the dram shop premises. On April 19, 1972, the case was assigned for trial. A mistrial was ordered on April 20, 1972. On June 13, 1972, the case was reassigned for trial. On August 15, 1972, over four years after filing her answer in which she admitted ownership, the defendant filed a motion for summary judgment, alleging for the first time that she held only naked legal title of the dram shop premises in question, pursuant to articles of agreement for warranty deed which had been entered into between the defendant as contract-seller and Henrietta Meyers as contract-purchaser. The trial judge allowed the defendant's motion for summary judgment in favor of defendant and dismissed her from the lawsuit. It is from that order the plaintiff prosecutes this appeal.

The plaintiff contends the trial court erred in allowing the defendant's motion for summary judgment. Plaintiff argues the defendant, as contract-seller under the articles of agreement for warranty deed, was much more than a naked legal titleholder and therefore an "owner" under the provisions of the Dram Shop Act.

The defendant contends she must be considered as merely a "naked legal titleholder" and not as an "owner" under the Dram Shop Act. The defendant bases her contention on the decision in *Robinson v. Walker* (1965), 63 Ill.App.2d 204, wherein the appellate court held that a land trustee, who held mere "naked" title to realty on which two taverns were located, and who had no right to exercise any control over use of such realty for sale of intoxicating liquors, was not an "owner" within the meaning of the Dram Shop Act. The defendant argues that even though she was a beneficiary owner under a land trust, she conveyed the property in question under a contract for warranty deed which created an entirely separate and distinct transaction. The defendant claims that as contract-seller she assumed the position of a trustee within the scope of the *Robinson* decision and the contract-purchaser became the equitable owner of the property.

■■ We believe the defendant was the owner of the premises in question and incurred liability under the Dram Shop Act. In Illinois there is no uniform meaning to the term "owner," and consideration must be given to the nature and purpose of the statute involved. (*Woodward Governor Co. v. City of Loves Park* (1948), 335 Ill.App. 528.) It is necessary, therefore, to consider the purpose of the Dram Shop Act. In *Osinger v. Christian* (1963), 43 Ill.App.2d 480, the appellate court stated:

> "The Dramshop Act is designed to fulfill a need for discipline of traffic in liquor and to provide a remedy for the evils and dangers which flow from such traffic."

In the case at bar, the defendant, under the articles of agreement for warranty deed, retained sufficient control of the premises in question to classify her as an owner. The purpose of the Dram Shop Act would be served by imposing liability upon the defendant as said owner. Paragraph four of the articles of agreement prohibited the purchaser from transferring or assigning any interest in the agreement, or subletting or leasing the premises, without the written consent of the defendant. Paragraph five of the agreement provided that no right, title or interest, legal or equitable, would vest in the purchaser until the defendant delivered the deed. No such delivery was made. The defendant was the beneficiary of a land trust and, as such, was the equitable owner of the dram shop premises. The articles of agreement for warranty deed vested no title, legal or equitable, in the purchaser until delivery of the deed. The defendant, therefore, did not divest herself of her equitable title by entering into the agreement. The defendant retained sufficient control of the premises in question to be held liable as an "owner" under the Dram Shop Act. Holding the defendant liable will provide "discipline of traffic in liquor" and will serve the purpose of the Dram Shop Act.

Furthermore, defendant waited over four years from the filing of the lawsuit before she disclosed the articles of agreement with Henrietta Meyers, who was operating the tavern all that time. During the pendency of this lawsuit Meyers settled her case as operator. Now Richter suddenly claims Meyers is the owner and, of course, Meyers having settled previously, the claim against the owner, if Meyers is held to be the owner, would be disposed of by such settlement. We consider the tactics employed here to be most unfair on the part of Richter and Meyers and will not condone such actions.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is reversed.

Reversed.

JOHNSON, J., concurs.

Mr. JUSTICE BURMAN dissenting:

I disagree with the conclusion of the majority that the defendant, Geraldine Richter, retained sufficient control over the subject premises to be classified as an owner within the meaning of the Liquor Control Act. I would affirm the judgment of the trial court.

At the outset, I believe that a brief comment is required on the contention that the plaintiff was surprised by the motion for summary judgment. The record does not support the view, apparently concurred in by the majority, that she first learned of Geraldine Richter's status as a contract seller when the motion was presented.

On February 1, 1972, the plaintiff propounded interrogatories to each of the defendants. The first three questions of these were as follows:

"1. State the name and address of each owner of the property located at 6255 South Archer Avenue, Summit, Illinois.

2. State whether you are the owner or lessee of the premises located at 6255 South Archer, Summit, Illinois.

3. If you are a lessee of said premises, state whether it is under written lease and the name and address of the lessor or lessors."

On April 25, 1972, Henrietta Meyers, operator of the dram shop, answered the interrogatories as follows:

"1. Not applicable. However, GERALDINE RICHTER, Arlington Heights, Illinois, is the contract seller for the property located at 2100 West Belmont, Chicago, Illinois. [the location of the dram shop]

2. Not applicable. However, CLARENCE MEYERS and HENRIETTA MEYERS, his wife, are the contract purchasers of the property at 2100 West Belmont, Chicago, Illinois.

3. See Answer to Interrogatory No. 2."

Thus the plaintiff was apprised of Mrs. Richter's status approximately one month before she executed the covenant not to sue Henrietta Meyers, which occurred on May 18, 1972, and approximately four months before the date upon which Geraldine Richter moved for summary judgment. In my opinion, therefore, this case does not involve the issue of surprise or the use of improper tactics, and such should not be allowed to obscure our discussion of whether the trial court was correct in concluding that Geraldine Richter was not an owner within the contemplation of the statute.

As the majority correctly states, our courts have held on numerous occasions that the term "owner" has no uniform meaning and must, in each instance, be construed in light of the nature and purpose of the statute involved. (See, *e.g., Coombs v. People* (1902), 198 Ill. 586, 64 N.E. 1056; *Woodward Governor Co. v. City of Loves Park* (1948), 335

Ill.App. 528, 82 N.E.2d 387; *De Luxe Motor Cab Co. v. Dever* (1929), 252 Ill.App. 156.) The purpose of the Liquor Control Act has been stated as fulfillment of the "need for discipline of traffic in liquor" and provision of a "remedy for the evils and dangers which flow from such traffic." *Osinger v. Christian* (1963), 43 Ill.App.2d 480, 193 N.E.2d 872.

It follows that the term "owner", when used in the Liquor Control Act, contemplates a person who, in some manner, retains or possesses sufficient control over the uses to which his property may be put that his action, or lack thereof, will have some effect on the traffic in liquor. Only such an interpretation would be consonant with the nature and purpose of the statute. Therefore the courts of this State that have considered the matter have held that a person who lacks such a power to control is not an owner within the meaning of the statute even though he may possess some interest which would cause him to be deemed an owner for some other purpose.

Thus, in *Castle v. Fogerty* (1886), 19 Ill.App. 442, the court held that one possessed of a reversionary interest in premises upon which another was engaged in the sale of alcoholic beverage was not an "owner" within the meaning of the statute. After reviewing the applicable provisions of the act and its purpose, the court concluded that "it was the intention of the legislature in the passage of [the statute] to deal only with landlords and their property and those having a rentable interest in buildings and premises that they could control at the time, and that it was not intended to include those who only have reversionary and contingent interests and who are not in any way responsible for the renting, control or disposition of the property."

And in *Robinson v. Walker* (1965), 63 Ill.App.2d 204, 211 N.E.2d 488, this court ruled that the trustees of two land trusts who held legal title to property upon which two taverns were located, but had no right to exercise control over its use were not "owners". We stated that the purpose of the Dram Shop Act would in no way be served by imposing liability upon one who holds "naked" legal title and has no right to exercise any control over the use of the property for the sale of intoxicating liquors.

Turning to the present case, the articles of agreement executed by Geraldine Richter appear to follow the format standard for such contracts. They provide, among other things, that the purchasers shall not suffer any lien upon the property which will be superior to the rights of the seller, that every contract for repair shall contain an express waiver of mechanic's lien and be approved by the seller in advance, that the purchasers shall not assign the agreement or lease the premises without approval of the seller, that no title, legal or equitable, shall vest in the

purchasers until full payment of the purchase price and that the agreement shall not be filed with the Recorder of Deeds.

The majority states that by including these restrictions upon the purchasers, Mrs. Richter retained sufficient control over the premises to be considered an "owner". While it may be conceded that the restrictions do allow her to exercise control over some aspects of the property, they do not purport to allow her to control its day to day use by the purchasers in possession. Indeed it is manifestly apparent from their nature that their intended function is the limited one of protecting the seller's interest until such time as the purchase price is paid in full and of preventing any action which would create a superior interest in a third party or a cloud on the title. Thus the situation in the present case is different from that involving an owner who is a lessor because the lessor typically places conditions upon the lessee's day to day conduct upon the demised premises and, in the event that such conditions are not met, retains the remedy of avoiding the lease and recovering possession of the property.

As stated above, nothing in the installment sales contract imposes any restrictions upon the purchasers' conduct of their day to day business upon the property except in limited areas such as repairs and the granting of leases. So long as these areas are not transgressed and the payments are made when due, the purchasers enjoy an absolute right of possession. They are free, within the terms of the agreement, to operate their tavern in any manner that they wish, including improperly, and Geraldine Richter is powerless to prevent it. Therefore the majority is mistaken when it states that to impose liability upon Geraldine Richter will accomplish the purpose of the Liquor Control Act.

In my opinion, the central inquiry in all cases of this type is whether the person sought to be held liable under the statute, regardless of how he is labeled, retained sufficient control over the dram shop premises to have prevented or curtailed the improper conduct of the persons directly responsible for its operation. In the present case Geraldine Richter did not retain such control and should not be held liable. I believe, therefore, that the summary judgment entered by the trial court should be affirmed.