Raymond Andersen, Individually and as Adm'r of the Estate of Myrtle Andersen, Deceased, and as Parent and Next Friend of Laura Beth Andersen, a Minor, Plaintiff-Appellant, *v.* James Wirt *et al.*, Defendants-Appellees.

(No. 73-278; ▮▮▮▮▮▮▮▮)

Second District—October 8, 1974.

984

James J. Hermann, Jr., of Hall, Meyer, Fisher, Holmberg, Snook & May, of Waukegan, for appellant.

Wasneski, Yastrow, Kuseski & Flanigan, of Waukegan, for appellees.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

The question presented by this appeal is whether a party selling real estate under an installment sales contract is subject to liability on an action brought under the Illinois Dram Shop Act.

Plaintiff instituted action against the defendant, James Wirt, under the Wrongful Death Act and against all other defendants under the Dram Shop Act. Plaintiff joined as defendants Arnold Nolan, as the licensee and operator of premises utilized for the sale of alcoholic liquor to the general public, John Lee Williams, as administrator of the estate of John Taylor, deceased, who was the beneficiary of a land trust covering said premises and as contract seller of said premises, and Richard F. Beshack and David Lindskog as contract buyers. Defendant First National Bank of Waukegan was sued as trustee under a land trust covering the premises in which John Taylor was the original owner of the beneficial interest and to whose interest John Lee Williams succeeded as administrator by reason of his appointment upon the death of John Taylor.

After hearing arguments on a motion to dismiss, the trial court dismissed the complaint as to the First National Bank of Waukegan and John Lee Williams, as administrator of the estate of John Taylor, deceased. No appeal was perfected from the order dismissing the complaint as to the defendant bank; however, this appeal was filed on behalf of plaintiffs and relates only to the order of the court dismissing the complaint as to the defendant John Lee Williams, as administrator of the estate of John Taylor, deceased.

■■ The land trust agreement by which John Taylor retained the beneficial interest was entered into on January 5, 1961, and provided that Taylor, as beneficiary, retained the power to direct disposition of the title to the property and the right to receive or direct the disposition of the proceeds from rentals and from mortgages, sales or other disposition of said premises. On November 14, 1968, at the direction of Taylor, the bank, as trustee, entered into articles of agreement for warranty deed with one Mark Margoian who subsequently assigned his interest in the contract to the defendants Richard E. Beshack and David Lindskog. The contract was approved by Taylor, who at the time knew that the premises had been and would continue to be utilized for the sale of alcoholic beverages to the general public.

The assignment from Margoian to the defendants Richard F. Beshack and David Lindskog was prior to the occurrences which gave rise to the filing of the complaint in this cause, and John Lee Williams was appointed administrator of the estate of John Taylor upon his death prior to the institution of this action.

The Dram Shop Act provides as follows: "Every person who is injured in person or property by any intoxicated person, has a right of action in his own name, severally or jointly, against any person who by selling or giving alcoholic liquor, causes the intoxication of such person. Any person owning, renting, leasing or permitting the occupation of any building or premises with knowledge that alcoholic liquors are to be sold therein, or who having leased the same for other purposes, shall knowingly permit therein the sale of any alcoholic liquors that have caused the intoxication of any person, shall be liable, severally or jointly, with the person selling or giving the liquors. * * * An action shall lie for injuries to means of support caused by an intoxicated person or in consequence of the intoxication, habitual or otherwise, of any person resulting as aforesaid." (Ill. Rev. Stat. 1971, ch. 43, par. 135.)

Appellee argues that a contract seller is not an owner under the provisions of the Dram Shop Act but rather, from the date of the entry of the contract, he becomes a lien holder or mortgagee and argues that a contract seller has no rights or powers with respect to the possession, control or use of the real estate after the entry of the contract. *Shan v. Penrose*, 25 Ill.2d 447, 449, 185 N.E 2d 218, 219, 220 (1962); *Wahl v. Fairbanks*, 405 Ill. 290, 293, 90 N E 2d 735, 736, (1950); *Anderson v. Cosmopolitan National Bank*, 132 Ill.App 2d 307, 311, 270 N.E 2d 254, 256 257 (1971); *Anderson v. Cosmopolitan National Bank of Chicago*, 54 Ill.2d 504, 301 N.E.2d 296, 298, 299 (1973); *Robinson v. Walker*, 63 Ill.App 2d 204, 207, 208, 211 N.E.2d 488, 490, (1965); and *Castle v. Fogerty*, 19 Ill.App. 442, 444 (1885), are cited in support of this contention.

■■ It is our opinion that the beneficiary under the trust in the case at bar occupies the same position as a seller under a contract deed in which no trust agreement is involved. The trustee holds naked legal title to the real estate as trustee for the beneficiary who historically has been viewed as the equitable owner of any real estate covered by the trust agreement. The fact that the trustee in this case bore no responsibility for the possession, control or use of the premises is evidenced by the fact that the trial court sustained a motion to dismiss the complaint as to the defendant trustee and no appeal was taken from that order.

Appellee contends that the principal of equitable conversion should be applied and that, as a result thereof, John Lee Williams, as adminis-

trator of the estate of John Taylor, holds beneficial title to the premises in question in trust for Richard F. Beshack and David Lindskog, assignees of the buyer. *Shay v. Penrose*, 25 Ill.2d 447, 449, 185 N.E.2d 218, 219, 220 (1962), and *Wahl v. Fairbanks*, 405 Ill. 290, 293, 90 N.E.2d 735, 736 (1950), are cited in support of this argument In *Shay v. Penrose*, the appellate court held that the principal stems from the basic equitable principal that equity regards as done that which ought to be done; and in that case the court decided that real estate sold on contract was not the subject of partition because an equitable conversion had taken place at the time of execution of the contracts for sale and the seller no longer possessed an interest subject to partition. In *Wahl v. Fairbanks* the supreme court held that an equitable conversion had resulted in order to effect the true intention of the parties to a contract to sell real estate who later erroneously caused a deed to be prepared in which buyers received title as tenants in common instead of as joint tenants as provided in the contract. The court there concluded that the buyers in the contract acquired title to the premises as joint tenants at the time of execution of the contract by reason of an equitable conversion.

■■ The question presented by this appeal was considered by the Appellate Court, First District, in the case of *Wendt v. Richter*, 17 Ill.App.3d 230 (1974), in which it was held that there is no uniform meaning to the term "owner" as used in the Dram Shop Act and that consideration must be given to the nature and purpose of the statute involved. The court further found that the Dram Shop Act is designed to fulfill a need for discipline of traffic in liquor and to provide a remedy for the evils and dangers which flow from such traffic, quoting *Osinger v. Christian*, 43 Ill.App.2d 480 (1963). The court then examined the articles of agreement for warranty deed and held that the seller had retained sufficient control of the premises in question to classify her as an owner. In restating the provisions of the articles of agreement, the court stated:

> "Paragraph four of the articles of agreement prohibited the purchaser from transferring or assigning any interest in the agreement, or subletting or leasing the premises, without the written consent of the defendant. Paragraph five of the agreement provided that no right, title or interest, legal or equitable, would vest in the purchaser until the defendant delivered the deed. No such delivery was made. The defendant was the beneficiary of a land trust and, as such, was the equitable owner of the dram shop premises. The articles of agreement for warranty deed vested no title, legal or equitable, in the purchaser until delivery of the deed. The defendant, therefore, did not divest herself of her

equitable title by entering into the agreement. The defendant retained sufficient control of the premises in question to be held liable as an 'owner' under the Dram Shop Act. Holding the defendant liable will provide 'discipline of traffic in liquor' and will serve the purpose of the Dram Shop Act." 17 Ill.App.3d at 232.

The court then reiterated that the seller had waited over 4 years from the filing of suit before disclosing the articles of agreement with the purchaser, who was operating a tavern on the premises the entire time. It stated that the buyer had settled her case as operator during the pendency of the suit and held that if the buyer were found to be the owner as argued by the seller, the claim against the owner of the premises would be disposed of by such settlement. The court then concluded: "We consider the tactics employed here to be most unfair on the part of Richter (the seller) and Meyers (the buyer) and will not condone such actions."

An examination of the articles of agreement for warranty deed in the case at bar discloses that it contains no provision prohibiting the buyers from transferring or assigning any interest in the agreement or subletting or leasing the premises without written consent of the seller, as was present in *Wendt v. Richter*. Further, the court in *Wendt v. Richter* considered the tactics employed by the seller and buyer to be "most unfair" in not making the articles of agreement public for four years. Neither of these factors are presented in this appeal. The agreement for warranty deed contained no prohibition against assignment of the agreement or subletting the premises without consent of the seller. The original buyer did, in fact, assign his interest in the agreement; and, although such was not the case, it was permissible according to the terms of the agreement to devote the premises to uses other than the sale of intoxicating liquor. To require the seller constantly to appraise himself of the use to which the premises were being put in order to ascertain whether dram shop or some other special type of insurance were required would not be practical.

We are of the opinion that the case of *Wendt v. Richter* is distinguishable on its facts; however, we find that the question presented on this appeal is analogous to the question decided by the Supreme Court in *Anderson v. Cosmopolitan National Bank*, 54 Ill.2d 504, 301 N.E.2d 296 (1973). In the *Anderson* case, the supreme court reversed the appellate court's decision that the seller was responsible for injuries to third parties on the premises because the seller knew of the defect causing the injury and the jury might infer from that fact that the contract buyer did not have a reasonable time in which to cure the defect. In that case, the court stated:

"The plaintiff does not urge us to affirm the judgment of the

appellate court for the reasons stated in the opinion of that court. Rather, the argument is that those who sell real estate upon installment contract should be subjected to a different and more strict liability than is imposed upon other vendors. Specifically, it is urged that 'the "contract seller" should be treated as an owner or lessor' because of the significant rights that he retains under his contract. These rights usually include the right to enter and make repairs and to charge the cost to the buyer. The seller has the right to insure if the buyer fails to do so and, in the event of a default on the part of the buyer, has a simple remedy by which he may regain possession. We are not persuaded by this argument. Substantially similar arguments can be advanced with respect to mortgagees, who have the same or substantially similar rights. That the device of the installment contract as a means of financing the purchase of real estate is subject to abuse, and indeed has been abused, does not mean that it is not a useful credit device or that this court should impose upon a contract seller the liability of an owner of real estate." 54 Ill.2d at 508-509.

■■ In this cause, the contract seller had no rights or power with respect to possession, control or use of the premises. He had no means of limiting the assignment of the contract or the subletting and subsequent use of the premises; therefore, we are of the opinion that he was not an "owner" within the meaning of the Dram Shop Act.

The order of the trial court dismissing the complaint as to the defendant, John Lee Williams, administrator of the estate of John Taylor, deceased, is, for the reasons stated herein, affirmed.

Affirmed.

A. SCOTT and DIXON, JJ., concur.