**Louise STORY, et al., Plaintiffs,**

v.

**Nicholas LATTO, et al., Defendants.**

**No. 86 C 7580.**

United States District Court,
N.D. Illinois, E.D.

Jan. 18, 1989.

Eugene W. Beeler, Jr., Beeler, Schad & Diamond, P.C., Chicago, Ill., for plaintiffs.

Raymond Roffi, Chicago, Ill., for defendant Avis.

Michael Davis, Lord, Bissell & Brook, Chicago, Ill., for defendant General Motors.

John C. Healy, Robert M. Burke, Heineke, Burke & Healy & Bodach, Chicago, Ill., for defendant First Bank of Oak Park.

## ORDER

BUA, District Judge.

On August 10, 1986, Ronald Story was killed when his car collided with another automobile. Plaintiffs, Story's surviving wife and children, claim that the impact of the collision severed the seat belt worn by Story. Based on the alleged failure of the seat belt to restrain Story, plaintiffs are suing General Motors Corp. ("General Motors"), which manufactured the car, and Avis Rent A Car System, Inc. ("Avis"), which leased the car to Story. In light of the testimony of Edward Mathein, the paramedic who treated Story at the scene of the accident, General Motors and Avis have moved for summary judgment. During his deposition and in a subsequent affidavit, Mathein has testified that when he arrived at the accident scene, he found the seat belt fastened around Story, with both the shoulder harness and lap belt completely intact. This eyewitness evidence totally undermines plaintiffs' theory concerning the seat belt; yet plaintiffs have failed to raise any factual allegations that contradict Mathein's testimony. Rather, in attempt-

ing to fend off summary judgment, plaintiffs rely solely on the affidavit of Fred Monick, an expert in accident reconstruction. Based on his examination of Story's car after the collision, Monick has formed the opinion that the seat belt separated during the accident. Nonetheless, an opinion, even if rendered by an expert, does not create a genuine issue of material fact unless the expert sets forth specific facts to support his opinion. *Evers v. General Motors Corp.*, 770 F.2d 984, 986–87 (11th Cir. 1985); *United States v. Various Slot Machines on Guam*, 658 F.2d 697, 700–01 (9th Cir.1981); *Merit Motors, Inc. v. Chrysler Corp.*, 569 F.2d 666, 672–73 (D.C.Cir.1977). Monick offers no factual basis for his conclusion about the seat belt. Ultimately, plaintiffs have alleged no facts that would tend to refute Mathein's testimony. Because plaintiffs have not established a genuine factual dispute regarding the seat belt, this court must enter summary judgment for General Motors and Avis.

In their lawsuit, plaintiffs also allege that Nicholas Latto, who drove the vehicle that collided with Story's car, was intoxicated at the time of the crash. Pursuant to the Illinois Dram Shop Act, Ill. Rev.Stat. ch. 43, para. 135 (1987), plaintiffs are seeking damages from several defendants who served intoxicating beverages to Latto on the day of the accident. One of the dram shop defendants, First Bank of Oak Park ("First Bank"), has moved to dismiss. Plaintiffs have asserted a very tenuous connection between First Bank and Latto's intoxication. First Bank holds title to the property occupied by a bar that Latto patronized shortly before the accident. As the holder of mere naked title, First Bank is not subject to liability under the Illinois Dram Shop Act. *See Robinson v. Walker*, 63 Ill.App.2d 204, 211 N.E.2d 488 (1965). Consequently, the court grants First Bank's motion to dismiss.