**Robert W. DUNAWAY, Jr., a minor, by his mother and next friend, Jill DUNAWAY, Robert W. Dunaway, Sr. and Jill Dunaway, Plaintiffs–Appellants,**

v.

**Marion FELLOUS, and Martha Fellous and Eighteen Thousand Corporation, A Corporation, d/b/a Orville & Wilburs, Defendants–Respondents.**

No. 61237.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 10, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Dec. 23, 1992.

---

Talbert & Mallon, P.C., Alton, for plaintiffs-appellants.

Walker & Williams, St. Louis, for defendants-respondents Fellous.

Rothman, Sokol, Adler & Sarachan, P.C., Gary R. Sarachan, Richard L. Swatek, St. Louis, for defendants-respondents Eighteen Thousand Corp.

PUDLOWSKI, Judge.

This is a claim arising from an automobile accident in Madison County, Illinois. Plaintiffs-appellants seek damages for personal injuries from a tavern keeper who appellants allege sold drinks to an intoxicated person that caused the accident. Appellants appeal the judgment of the trial court which granted defendants-respondents' motion to dismiss. We affirm.

The trial court's dismissal of an action will be sustained on appeal if any ground supports the motion, regardless of whether the trial court relied on that ground. *Delmain v. Meramec Valley R–III School Dist.*, 671 S.W.2d 415, 416 (Mo. App.1984). The appellate court accepts as true all facts properly pled, giving the averments a liberal construction, and making reasonable inferences from the stated facts. *Stiffelman v. Abrams*, 655 S.W.2d 522, 525 (Mo. banc 1983). If the averments state a claim calling for the invocation of substantive law principles entitling plaintiff to relief, the petition should not be dismissed. *Lowrey v. Horvath*, 689 S.W.2d 625, 626 (Mo. banc 1985).

Accordingly, the petition alleges that on May 2, 1990, Rudy Sample consumed some intoxicating beverages at Orville & Wilburs in Chesterfield, Missouri. Defendant–Respondent Eighteen Thousand Corporation (18000 Corp) operated this establishment. The premises were owned, however, by Defendants–Respondents Martha and Marion Fellous, who leased the building to 18000 Corp. Employees of 18000 Corp or Orville & Wilburs served Sample the drinks. Sample became intoxicated and subsequently left the tavern. Sample drove east into Illinois. On Illinois Highway 159, in Madison County, Illinois, Sample negligently crashed into an automobile driven by Ap-

pellant Robert Dunaway, Sr., and in which Appellant Robert Dunaway, Jr., was a passenger. Both appellants were injured.

Appellants filed a fourteen count petition in the Circuit Court of St. Louis County. Counts I–X alleged causes of action under the Illinois dram shop law, Ill.Rev.Stat. ch. 43 (1991). Counts XI–XIV alleged causes of action under the Missouri dram shop law, § 537.053, RSMo 1986. Appellants had also filed a similar ten count petition under the Illinois dram shop law in Madison County, Illinois. Respondent 18000 Corp filed a motion to dismiss in St. Louis County Circuit Court because an identical action was already pending in Illinois and the Missouri petition did not state a claim against respondent 18000 Corp. Respondents Martha and Marion Fellous also filed a joint motion to dismiss. The trial court dismissed appellants' petition as to all defendants-respondents, with prejudice. This appeal followed.

Although appellants raise three points on appeal, our affirmance of the dismissal under the second and third points allows us to dispense with discussion of the first point, which argues that the pendency of the same cause of action in another state is not grounds for dismissal. Appellants' second point asserts that the trial court erred in dismissing appellants' petition with prejudice because it properly pled the elements of a cause of action under the Illinois Dram Shop Act. The question of whether this Illinois law or Missouri law applies is the pivotal issue and is contained in Appellants' third point. Appellants argue, in their third point, that under Missouri's conflict of laws approach, Illinois law should have been applied because Illinois has the most significant relationship to the occurrence and the parties.

■ We first undertake the choice of law analysis to determine whether Missouri or Illinois law should govern. Missouri has adopted the principal contacts rule of § 145 of the Restatement (Second) on Conflicts of Law. *Kennedy v. Dixon,* 439 S.W.2d 173, 184 (Mo. banc 1969). This approach provides that "the rights and liabilities of parties with respect to an issue in tort are determined by the local law of the state which, as to that issue, has the most significant relationship to the occurrence and the parties...." Restatement (Second) Conflicts of Law § 145(1). The most significant relationship is determined by considering several § 145(2) factors:

(a) the place where the injury occurred;

(b) the place where the conduct causing the injury occurred;

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and

(d) the place where the relationship, if any, between the parties is centered.

Furthermore, these factors are taken into account when analyzing general choice of law principles listed in Restatement (Second) Conflicts of Laws § 6(2). The § 6(2) factors relevant to this case are:

(1) the relevant policies of the forum;

(2) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;

(3) certainty, predictability and uniformity of result

These factors will be discussed in the order listed.

■ The site where the injury occurred, in Illinois, balances equally against the place where the alleged conduct giving rise to the accident or the drinking occurred, in Missouri. Also, the domicile or residence of appellants, in Illinois, counterbalances the location of business of respondents, in Missouri. The factor of the place where the relationship between the parties is centered is irrelevant because no relationship existed before this incident. After considering the first set of factors, neither state has the greater interest.

The most important choice of law principles in this case are the relevant policies and interests of Missouri and Illinois. Missouri's policy in prohibiting dram shop liability, as explained in § 537.053, is to make the consumption rather than the furnishing of alcoholic beverages the proximate cause of injuries inflicted by intoxicated persons. This preference "is supported by rational

justification in that the legislature made a policy decision to place responsibility for these accidents on the drunk driver.... Thus, judicial efficiency is promoted by preventing lawsuits against tavern owners every time a patron injures himself, or another." *Simpson v. Kilcher*, 749 S.W.2d 386, 392 (Mo. banc 1988).

The Illinois Dram Shop Act is in direct conflict with this policy because it treats the furnishing of alcohol as the proximate cause of injuries and places the responsibility on tavern operators. The Illinois policy of allowing dram shop operator liability, "is designed to fulfill a need for discipline of traffic in liquor and to provide a remedy for the evils and damages which flow from such traffic." *Oslinger v. Christian*, 43 Ill.App.2d 480, 193 N.E.2d 872, 875 (1963). Although Illinois' renumerating policies are commendable, they do not outweigh Missouri's policy of fixing culpability on the drunken driver.

Moreover, because Missouri is the situs of the litigation, it has a real interest in ensuring that the laws applied in its courts do not contravene its public policies. *See Griggs v. Riley*, 489 S.W.2d 469, 472 (Mo. App.1972). Missouri's interests would be severely impaired if its public policy were subordinated to that of Illinois. Missouri liquor dispensing businesses could no longer rely on the protection granted by the legislature because they could not foresee which patrons might expose them to liability by negligent behavior in a foreign state. Also, judicial efficiency could deteriorate if Missouri courts would be required to hear law suits more properly brought in other jurisdictions. Missouri has a greater interest than Illinois in determining the rights and relationships of its own citizens. *See Kennedy*, 439 S.W.2d at 185.

The certainty, predictability, uniformity of result factor also favors application of Missouri law. These purposes would not be furthered by submitting Missouri tavern owners to foreign states' various dram shop laws in Missouri courts. Missouri tavern operators have a greater expectation that their rights will be determined in Missouri courts according to the Missouri dram shop law, than do Illinois residents suing in Missouri courts under the Illinois dram shop law. Predictability is served because the tavern owner expects that he will not be summoned into a Missouri court and liable under a foreign state dram shop statute when an intoxicated patron is negligent in a foreign state. Likewise, uniformity favors applying Missouri law because the use of foreign states, dram shop laws in Missouri would circumvent Missouri's public policy and subject these laws to varying interpretations.

Appellants rely on *Carver v. Schafer*, 647 S.W.2d 570 (Mo.App.1983), to support their choice of law analysis. The *Carver* court held that Missouri law applied when an allegedly intoxicated patron of an Illinois tavern struck and killed a police officer in Missouri. Appellants reliance is misplaced because the Missouri legislature specifically abrogated the *Carver* opinion with the enactment of § 537.053 in 1985. Given the current legislative ban on dram shop liability and the public policy of placing all responsibility on drunken drivers, the *Carver* court's choice of law analysis is premised on incorrect policy.

Appellants also contend that the extraterritorial effect of the Illinois Dram Shop Act allows the imposition of liability on dram shop operators outside of Illinois. Although this may be true, this does not support their argument that Illinois law applies. The fact that the Illinois Dram Shop Act allows Illinois courts to assert jurisdiction over out-of-state tavern operators has no bearing on whether Missouri courts should apply the Illinois law in this case.

Our analysis of the choice of law principles, especially the relevant § 6(2) factors, dictates that Missouri law be applied. Thus, appellants' contention, in their second point, that they properly pled a cause of action under the Illinois Dram Shop Act is to no avail. The petition does not state averments that invoke substantive law principles entitling appellants to relief because Missouri law prohibits dram shop liability, except in rare instances that are

not relevant to this case. We conclude the petition was properly dismissed.

The judgment of the trial court is Affirmed.

CRANDALL and GRIMM, JJ., concur.